# Brown *v*. Finley.

## *Partition.*

### (Decided Nov. 17, 1908.  47 South. 577.)

1. *Adoption; Inheritance by Adopted Children; What Law Governs.* —Although the statutes of a foreign state confers the right of inheritance on a child adopted under them, such statutes have no extra territorial operation, and an adoption under them does not confer the right of inheritance in this state.

2. *Courts; Decisions; Rule of Property.*—The decisions of this court settling the right of descent and ownership of property, become rules of property, and where such decisions have stood for many years this court will follow them as such, though it may conceive them to be erroneous.

APPEAL from Calhoun Probate Court.

Heard before Hon. EMMETT F. COOK.

Action between James Y. Brown, administrator of the estate of James Finley, deceased, and Alexander Finley. From a judgment for Alexander Finley, the administrator appeals. Affirmed.

A. LEO OBERDORFER, and L. M. WASHINGTON, for appellant. The prevailing rule and overwhelming weight of authority gives extra territorial effect to the status

[Brown v. Findley.]

of adopted children including the right to inherit real estate.—1 Cyc. 933; 1 A. & E. Ency of Law, 733; *Miller v. Miller,* 91 N. Y. 315; Story's Conflict of Laws, sec. 93; Wheaton's Law of Nations, p. 172; *Ross v. Ross,* 129 Mass. 243; Minor on Conflict of Laws, p. 222; 39 Am. St. Rep. 229 and note; 77 Pac. 1083; 75 S. W. 824; 41 Am. St. Rep. 163; 131 N. C. 161; 45 N. J. Eq. 603; 57 Kan. 217; 101 Ill. 26; 148 Ill. 536; 18 R. T. 630; 38 South. 140; 5 B. & C. 438; *Sheffield v. Franklin,* 44 South. 373. The case of *Lingen v. Lingen,* 45 Ala. 410, can be distinguished from this case; Minor on Conflict of Laws, sec. 98, et. seq., and authorities supra. For a discussion of the status of children under adoption as to descent and distribution, see authorities supra, and *Russell v. Russell,* 3 South. 930; *Tilley v. Harrison,* 91 Ala. 295; *Cofer v. Scroggins,* 98 Ala. 342, and cases cited in said opinions.

WILLETT & WILLETT, for appellee. Four Codes have been adopted since the decision of the case of *Lingen v. Lingen,* and this decission has been left undisturbed so far as the descent of real property is concerned, so the point decided in that case govern the case at bar. —*Lingen v. Lingen,* 45 Ala. 410; *Williams v. Kimball,* 35 Fla. 49. Counsel discuss and differentiate the cases cited by appellant.

TYSON, C. J.—James Finley, now deceased, in 1903 by proper procedure under the statute of the state of Georgia adopted as his child James Jordan, an infant of tender years, changing his name to James Finley, Jr. At that time he was domiciled in that state. The child and its mother also lived in that state. In 1906 James Finley died unmarried, leaving no lawful children born in wedlock, no father or mother, and no brothers or sisters, or representatives of brothers or sisters,

except his brother, Alexander Finley, the appellee. At the time of Finley's death he was domiciled in the city of Atlanta, Ga., and left real estate in Georgia, Tennessee, Florida, and Alabama, but no personalty in this state. It is under and by virtue of the adoption proceedings had in Georgia that James Finley, Jr., now claims the lands belonging to the estate of the decedent in this state, to the exclusion of the brother, Alexander Finley.

Under our statute of decents, had James Finley, Jr., been born unto James Finley in lawful wedlock, or, if out of wedlock, he had been legitimated under and in accordance with the statutes of this state, then he would have inherited the lands, to the exclusion of Alexander Finley; and it may be, had he been adopted in this state in pursuance to the statute authorizing the adoption of children, the lands would have descended to him. But his adoption, being under the statute of another state which conferred upon him the right of inheritance of the property of the adopting parent in that state, does not confer upon him that right in this state. The statute has no extraterritorial operation. This is the principle which controlled the descission in *Lingen v. Lingen,* 45 Ala. 410. In that case the child claiming the right of inheritance was legitimated by its father in accordance with the laws of France. In France it became and was his legitimate child and entitled to inherit its father's property in that country. Notwithstanding this, the court, following *Birthwhistle v. Vardill,* 5 Barn. & C. 438, and *Smith v. Derr' Adm'r,* 34 Pa. 126, 75 Am. Dec. 641, held that it could not inherit the property of its father in this state.

But it is insisted that this case, while properly decided, is distinguishable from the one in hand, but, if not, should be overruled, because opposed to the great

weight of authority. On principle it cannot be distinguished. The legitimation of the child was either binding or not under the French law, and, if binding, had the effect of establishing the relation of parent and child, and the right of inheritance as a consequence of that relation. The bill in the cause averred the legitimation, which was, of course, confessed as true by the demurrer. Indeed, the court recognized, as it must have done, the fact of a legal legitimation of the child by the father under the laws of France. Therefore the distinction undertaken to be drawn, predicated upon the proposition that the father was domiciled in this state and not in France, cannot obtain. Such a theory of the opinion, if allowed to prevail, would not only show its utter incorrectness, but demonstrates that the decree of affirmance was absolutely incorrect, for the reason that, in order to sustain the averment of the bill against demurrer interposed, it must be held to have averred an efficacious act of legimation, which involves, if necessary to that end, the domicile of the father at the time in France. Indeed, it is entirely apparent from the opinion that no such theory ever entered the mind of the court. The court meant to decide and did decide that the act of legimating the child in France could not have the extra-territorial effect of conferring upon it the right of inheritance of its father's property in this state. The court in substance says that, in order to extend the right of descent cast under the laws of another state or country by an act of legimation to property situate in this state, it would require legislative enactment to that end. The lawmaking power of the state, after the lapse of more than 35 years, has not seen proper to enact such a law, and, of course, the courts are powerless to do so.

Again, it is contended that the *Lingen Case* could have been correctly decided upon the proposition that this forum will not enforce a foreign law which would

result in injustice and injury to innocent citizens of the state. The answer to this is that this court in that case preferred not to place its decision upon that principle, but upon the broader one as indicated above. The decision, settling, as it did, a legal principle governing the descent and ownership of property, became a rule of property, and, having stood for so many years, even if we conceived it to be erroneous, must be followed.

Affirmed.

DOWDELL, ANDERSON, and McCLELLAN, JJ., concur.