(99 South. 649)

Ex parte WOODWARD IRON CO.

CROWDER et al. v. WOODWARD IRON CO.

(6 Div. 978.)

(Supreme Court of Alabama. Feb. 14, 1924. Rehearing Denied April 17, 1924.)

**1. Master and servant ☞386(5)—Compensation to dependents need not be paid in order named in statute.**

Workmen's Compensation Act, § 14, subsecs. (3) and (3A), naming the persons who shall be considered total and partial dependents of a deceased employee, do not require that compensation must be paid to dependents in the order named therein, but when taken with subsections (5) to (13), the manifest purpose is that the payments shall be made to dependents total or partial in the order named in subsection (3), but in the amount and manner fixed by the subsections following, and other provisions of the statute.

**2. Master and servant ☞400—Joinder of compensation claimants and intervention proper.**

Under Workmen's Compensation Act, § 21, subsec. (2), providing that an employer may suggest adverse claimants not before the court, require them to interplead, and have all claims settled in the one proceeding, all persons claiming as members of a defined class of dependents may unite in the same complaint and others, who claim in common with, or in opposition to, any party plaintiff, may intervene and set up their claims, or, failing so to do, the employer may bring them in by interpleader.

**3. Master and servant ☞388—Parents of deceased employee held "partial dependents" within Compensation Act.**

Where a deceased employee had been regularly employed but 33 days prior to his death, but had contributed the greater portion of the amount earned by him to the support of his parents, whose expenses of running their home equaled or exceeded the income of the father, and, though decedent had been supported by them for 18 months prior to his obtaining employment, held that they were partial dependents within the Workmen's Compensation Act, § 14, subsec. (3A).

**4. Master and servant ☞388—"Actual dependent" defined.**

Generally, an "actual dependent" of a deceased employee is one who looked to deceased partially, or wholly, for support.

**5. Master and servant ☞388—Reasonable time within compensation statute defining "partial dependent" conclusion of fact.**

What is a reasonable time, under Workmen's Compensation Act, § 14, subsec. (3A), defining a "partial dependent" as a person who regularly derived part of his support from the earnings of deceased for a reasonable period of time prior to his death, is a conclusion of fact.

**6. Master and servant ☞388—Term "reasonable time" within compensation statute defining "partial dependent" construed.**

Under Workmen's Compensation Act, § 14, subsec. (3A) defining a "partial dependent" as any person who shall have regularly derived part of his support from the earnings of a deceased workman for a reasonable period prior to his death, if deceased was regularly contributing to the support of his parents at the time of his death, and had been for such time prior thereto as would lead to a fair conclusion that he would continue to do so but for his sudden taking off, this was a "reasonable time."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Reasonable Time.]

**7. Master and servant ☞412—Findings on evidence in compensation case conclusive.**

The Supreme Court will not disturb the findings of the trial court in proceedings under the Workmen's Compensation Act if supported by the evidence.

**8. Master and servant ☞404—Evidence showing dependent's income was burdened by overhead charges held admissible.**

In a proceeding under the Workmen's Compensation Act for compensation to dependent parents of a deceased employee, it was proper to show that the father's income was burdened with items in the nature of overhead charges,

since these reduced the amount available for supplies, and tended to show that the employee's contribution of his earnings made it easier for his parents to live.

**9. Master and servant ☞412—Trial court's findings in compensation cases not disturbed because of erroneous admission of evidence where there is legal evidence.**

The Supreme Court will not disturb the findings of the trial court in proceedings under the Workmen's Compensation Act, because of mere errors in the admission of evidence where there is legal evidence to support the judgment rendered.

**10. Master and servant ☞412—Bill of exceptions not allowable to review errors in admission of evidence in compensation case.**

Bills of exception are not allowable for review of errors in admission of evidence in proceedings under the Workmen's Compensation Act.

**11. Master and servant ☞420—Attorney's fee payable out of first money paid in under Workmen's Compensation Act.**

Court did not err in directing payment of an attorney's fee out of the first moneys paid in under an award of compensation to dependent parents of a deceased employee.

Certiorari to Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Petition of the Woodward Iron Company for certiorari, to review the judgment of said court in a proceeding under the Workmen's Compensation Act by L. B. Crowder and another against the Woodward Iron Company. Writ denied, and judgment affirmed.

Huey & Welch, of Bessemer, for petitioner.

The rights of the mother and father of a deceased employé to recover compensation are not concurrent, and joint, but are separate and several. Acts 1919, p. 218, § 14 (3, 3a). Plaintiffs were not partial dependents. Acts 1919, p. 217, § 14 (3, 3a); 1 Honnold Workmen's Comp. 224. In compensation cases, the bill of exceptions will be looked to, where there is a lack of a proper finding of facts. Acts 1919, p. 227, § 28; Ex parte Sloss Co., 207 Ala. 219, 92 South. 458; Ex parte L. & N., 208 Ala. 216, 94 South. 289; Ex parte Nunnally Co., 209 Ala. 82, 95 South. 343; Ex parte Mt. Carmel Coal Co., 209 Ala. 519, 96 South. 626. The court was without authority to order payment of attorney's fee out of the first moneys coming into the hands of the clerk. Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 South. 803.

Beddow & Oberdorfer, of Birmingham, opposed.

The act provides compensation for both the father and mother. Acts 1919, § 15, p. 219. The bill of exceptions will only be looked to to determine questions of law. Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 South. 803; Ex parte Sloss Co., 207 Ala. 219, 92 South. 458. Dependency is a question of fact, to be determined from the circumstances of each case, and is not based upon absolute dependency. 28 R. C. L. 779; L. R. A. 1917D, 160, note. Technicalities of the common law are not applicable to this proceeding. 28 R. C. L. § 112, p. 823; L. R. A. 1917D, note 182.

BOULDIN, J. This proceeding under the Workmen's Compensation Law is prosecuted jointly by the dependent father and mother of a deceased employee.

[1] The point is raised that under section 14, subsecs. (3) and (3A), Acts 1919, p. 218, compensation must be paid to dependents "in the order named," that the mother is named before the father, and for this reason compensation must go to the mother only, especially where the minimum fixed by statute is allowed. This contention misconceives the effect of the above provisions of the statute.

Subsection (12) of the same section reads:

"If the deceased employee leave no widow or child or husband entitled to any payment hereunder, but should leave a parent or parents, either or both of whom are wholly dependent on the deceased, there shall be paid if only one parent, twenty-five per centum of the average weekly earnings of the deceased, and if both parents, thirty-five per centum of the average weekly earnings of the deceased to such parent or parents."

It will be noted that the amount of compensation is determined by whether one or both parents are dependent. If both are dependent the statute makes the compensation payable to both.

Subsection (13) of the same section names another group of possible dependents, and provides for payment of compensation to one, or, if more than one, an increased compensation, to be divided between them.

Subsections (5) to (11), inclusive, also fix the order and provide the manner of payment to legal and actual dependents therein named.

Taken together, the clear purpose is that payments shall be made to dependents, total or partial, in the order named in subsection (3), but in amount and manner fixed by the subsections following and other provisions of the statute.

[2] In section 21, subsec. (2), p. 225, it is provided that the employer may suggest adverse claimants not before the court, require them to interplead, and have all claims settled in the one proceeding, to the end that he shall receive a full discharge upon payment of the amount awarded.

In this summary proceeding, all persons claiming as members of a defined class of de-

pendents may unite in the same complaint. Others, who claim in common with or in opposition to any party plaintiff, may intervene and set up their claims, or, failing so to do, the employer may bring them in by interpleader. The determination of the judge filed with the clerk should contain a statement of the law and facts and conclusions upon these several issues. Section 28, p. 227.

[3] The question of first moment in this case is whether the parents were partial dependents of the deceased employee. The findings of the trial judge upon this issue were:

"The evidence shows that the deceased, Grady Crowder, was working for the defendant and killed by accident arising out of and in the course of his employment; that he and defendant are subject to the compensation law and the defendant has had notice or knowledge of the accident; that Grady was living with his father and mother, L. B. Crowder and wife, had been working 33 days and earned 78.45 or 14.16 per week up to time of his death; that he had bought groceries and supplies for the house, with check from the commissary, and had only $10 cash due him on the only pay day he had, giving $5 or $6 of that to his father; that he was 26 years old but had not agreed to pay any board, nor had he agreed to furnish parents with any supplies or money.

"The evidence further showed that L. B. Crowder, the father, was working for same defendant regularly for past 12 months, had earned $1,295.45 or $24.91 weekly, was in debt for doctor's bill and other things and had been paying them; had paid about $150 to doctors, $50 to $60 for medicine, $100 for domestic servant, washing and housework, and from $100 to $200 on other debts during the past twelve months; that it cost from $100 to $125 per month to run the home.

"It is ordered and decreed by the court that L. B. Crowder and wife were not wholly dependents of deceased, but that he was contributing to their support at the rate of $10 per week; that they were partial dependents, having a total income of $34.91 per week including the contribution of $10 by the deceased."

Subsection (3A), § 14, Acts of 1919, p. 218, defines partial dependents thus:

"Any member of a class named in subdivision (3), who regularly derived part of his support from the earnings of the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto shall be considered his partial dependent and payment of compensation shall be made to such partial dependents in the order named."

In Pushor et ux. v. American Ry. Exp. Co., 149 Minn. 308, 183 N. W. 839, a minor son turned over his earnings to his mother to be used with other income for ordinary family expenses. The court said:

"The statute was construed and applied in Fleckenstein Brewing Co. v. District Court, 134 Minn. 324, 159 N. W. 755, where the facts were substantially the same as here. 'The test of dependency,' said the court, 'is not whether' the boy's parents 'could support life without' his 'contributions, * * * but whether they regularly received from his wages part of their income or means of living.' It seems to us that the rights of the parties are determined by that case. It was cited with approval in Milwaukee Basket Co. v. Industrial Commission (Wis.) 181 N. W. 308, where the facts were almost identical with those in the case at bar. The deceased workman was a 19 year old boy, one of a family of six children who lived with their parents. The father, a younger brother, and two sisters were wage earners. A year before the boy's death the parents had purchased the house where the family lived. During the year $900, taken from the common earnings of the family, had been paid on the purchase price. The remainder of the earnings was used to support the family. It was held that the boy's parents were partially dependent for their support upon the earnings of their son, and that compensation should be fixed on the basis of the difference between the amount he earned and the amount necessarily taken from the general family purse for his individual care and support. With respect to the payments for the house, the court remarked that they should be considered as part of the necessary support of the family sheltered under its roof and as the equivalent of rent, which, under present day conditions, is so large an item in the household budget. In Conners v. Public Service Elec. Co., 89 N. J. Law, 99, 97 Atl. 792, an adult son, living with his parents, gave his weekly wage to his mother. His father, mother, and a sister were all wage earners. The court said that since the earnings of the deceased son went to the general support of the family, it was a legitimate inference that the family was deriving substantial benefit from the fact that he remained at home and voluntarily gave his wages into the common fund. It was accordingly held that the father, mother, and sister were actual dependents of the deceased."

In the record now before us there is a bill of exceptions in aid of the review by certiorari. The office of such bill of exceptions has been restated with full citation of authorities in the recent case of Ex parte Woodward Iron Co. (Dowdell's Case) 99 South. 97.[1]

Appellant insists that the findings of the trial judge were too meager or omissive to fully inform the court of review on the point of dependency; that, with the additional evidence shown by bill of exceptions, the entire record discloses no evidence to support the conclusion that the father and mother were partial dependents of the deceased son.

An examination of the bill of exceptions discloses that the evidence as to earnings of the father and son was given by the employer. The contributions of the son to the family support, and the outlays for family expenses were shown by, the undisputed evidence of the father. The findings of the court on these points are in full accord with the testimony.

But it was further shown that the deceas-

---

[1] Ante, p. 74.

ed son was without employment for some 18 months before entering upon his last employment, that during this time he was in good health, lived at home, and was supported out of the family income. The argument seems to be that the parents had not derived a part of their support from the earnings of deceased for a reasonable period of time immediately preceding his death, that, taking the year or 18 months' period preceding his death he had received more in support than he had contributed.

[4] In general, it may be said an actual dependent is one who looked to decedent, partially or wholly, for support. The reasonable expectation of continuing support seems to be the general criterion. Under some statutes this expectation may be based on contract or legal obligation for future support, although no actual support has been given. 28 R. C. L. 770 to 774. Under out statute dependency rests upon actual support at the time of, and for a reasonable period prior to, the death of the employee.

[5, 6] What is a "reasonable time"? This is essentially a conclusion of fact. This statutory phrase on its face implies that the trior of fact shall look to all the circumstances of the particular case. If the deceased was regularly contributing to the support of his parents at the time of his death, and had been for such time prior thereto as to lead to a fair conclusion that he would continue to do so but for his sudden taking off, this was a reasonable time.

[7] This court will not disturb the finding of the trial judge if there is any evidence before him tending to support his conclusion. Ex parte Nunnally Co., 209 Ala. 82, 95 South. 343; Ex parte Sloss-Sheffield S. & I. Co. (Greek's Case) 207 Ala. 219, 92 South. 458.

We conclude there are no facts brought into the record by bill of exceptions to overturn the findings in this case under the rules adopted by this court after the fullest consideration.

[8-10] Our attention is directed to certain objections to evidence on the trial. It was entirely proper to show that the father's income was burdened with rent, taxes, servant hire, doctor bills, or other items in the nature of overhead charges in the family budget. These reduced the amount available for supplies, and tended to show that the son's contribution of his earnings made it easier for the father and mother to live. We mention this for the guidance of judges who have the responsibility of administering this humane statute. This court does not disturb their findings because of mere errors in the admission of evidence, where there is legal evidence to support the judgment rendered. Bills of exception are not allowed for a review of such questions. Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 South. 803.

[11] There was no error in the judgment directing payment of the attorney's fee out of the first moneys paid in under the award. In the case of Woodward Iron Co. v. Bradford, supra, the decree directed the attorney's fee to be paid by the employer in a lump sum without his consent. It is not analogous to the case at bar.

We find no error in the record. Writ denied and judgment affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.