Let this opinion be certified to the Court of Appeals.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

It follows that the action of the lower court in awarding the writ was free from error, and the judgment is affirmed.

Affirmed.

---

(104 So. 912)

### Ex parte AMERICAN MINE OWNERS MUTUAL, Inc., et al.

### STEWART v. AMERICAN MINE OWNERS MUTUAL, Inc., et al.

#### (6 Div. 584.)

(Court of Appeals of Alabama. May 12, 1925. Rehearing Denied June 9, 1925.)

Master and servant �köö41 —Failure to find total income of deceased held not to defeat award to partial dependent.

In proceeding by partial dependent for death of employee, failure of trial court to find total income of employee *held* not to defeat recovery, in view of Code of 1923, § 7558, providing that, if income loss of partial dependent by death is less than $5 per week, dependent shall receive full amount of loss.

Certiorari to Circuit Court, Walker County; Ernest Lacy, Judge.

Petition of the American Mine Owners Mutual, Incorporated, and the Summit Coal Company for certiorari to the circuit court of Walker county to review and revise the judgment of that court in a proceeding under the Workman's Compensation Act (Code 1923, § 7534 et seq.) by Pearl Stewart against the petitioners. Writ denied, and judgment affirmed.

Certiorari denied by Supreme Court in Ex parte American Mine Owners Mutual, Inc., et al., 104 So. 913.

Percy, Benners & Burr and Salem Ford, all of Birmingham, for appellants.

Partial dependents are entitled to compensation only in the proportion that average contributions bear to the total income of the dependent. Acts 1919, p. 219, subsec. 15. A judgment against the overwhelming weight of the evidence should be set aside. Gassenheimer v. West. Ry., 175 Ala. 319, 57 So. 718, 40 L. R. A. (N. S.) 998; Sou. Ry. v. Herron, 189 Ala. 662, 66 So. 627; Twinn Tree Lbr. Co. v. Day, 181 Ala. 565, 61 So. 914.

W. F. Finch, of Lake Worth, Fla., for appellee.

There being evidence before the court to support his finding, it will not be disturbed. Ex parte Woodward Ir. Co., 211 Ala. 111, 99 So. 649, Ex parte Sloss Co., 207 Ala. 219, 92 So. 458; Ex parte Nunnally Co., 209 Ala. 82, 95 So. 343.

RICE, J. By this application for the writ of certiorari petitioners, American Mine Owners Mutual, Incorporated, and Summit Coal Company, Incorporated, seek to review the judgment of the circuit court of Walker county, in the matter of the petition of Pearl Stewart to be awarded compensation for the death of Homer South, her son, alleged to have been caused by injuries suffered by him while an employee of the Summit Coal Company, Incorporated, and which injuries and death were alleged to be the result of an accident arising in the course of and out of his employment by the said coal company.

All of the objections urged against the decree or award here in question seem to have been already before the Supreme Court, and we cannot see that it would be helpful for us to enter upon a long discussion of the same. The case of Ex parte Woodward Iron Co. (Crowder et al. v. Woodward Iron Co.) 211 Ala. 111, 99 So. 649, and the other cases therein cited, afford ample authority for the finding by the trial court that the petitioner in the court below was a "partial dependent" of the deceased, Homer South. So far as the vigorous contention here made that the failure to find the total income of Pearl Stewart made it impossible for the judgment rendered to have support in the facts, as shown in the decree, we observe that section 7558 of the Code of 1923 provides, among other things, the following:

"7558: *Death Compensation.*— * * * The compensation payable to partial dependents shall be subject to * * * *but if the income loss of said partial dependent by such death*

*is less than five dollars per week, then the dependents shall receive the full amount of their income loss.*"

Accordingly it appears that, the decree is not subject to the criticisms offered.

We find no error in the record.

Writ denied, and judgment affirmed.