### Ex parte CLINE.

### McCOY v. CLINE.

### (6 Div. 444.)

(Supreme Court of Alabama. June 11, 1925. Rehearing Denied Oct. 22, 1925.)

**1. Master and servant ⬅388—Child merely receiving support not within Compensation Act; "children of deceased."**

Provision of Workmen's Compensation Act (Code 1923, § 7596) that child or children include "all other children entitled by law to inherit as children of deceased" is broad enough to include adopted children, and is direct authority to effect that child merely receiving support and standing toward deceased in no other relation than that of person in loco parentis is not included.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Child—Children.]

**2. Adoption ⬅25—Adoption of child has no extraterritorial effect.**

Adoption of a child has no extraterritorial effect.

**3. Master and servant ⬅396—Circuit court cannot assume equity jurisdiction under Compensation Act to determine whether grandchild should inherit as adopted child.**

In summary proceeding under the Workmen's Compensation Law, circuit court cannot assume equity jurisdiction to determine question whether grandchild living with grandfather and dependent wholly on him for support was entitled to inherit from him as an adopted child.

**4. Master and servant ⬅403—Burden to show actual dependency is on claimant not covered by statute.**

In all other cases not covered by Code 1923, § 7552, declaring wife or child is presumptive dependent, claimant has burden to show actual dependency.

**5. Master and servant ⬅388—"Children" conclusively presumed dependents are those only of first degree.**

In view of Acts 1919, p. 217, § 14(b), "children" within conclusive presumption of dependency of Code 1923, § 7552, include only those of first degree; children born into the family of deceased; dependents by nature.

**6. Master and servant ⬅388—Grandchild, made "orphan," and becoming member of grandfather's family held "dependent."**

In view of Code 1923, §§ 7553, 7554, 7559, 7596(c), when grandchild, made an orphan by death of his father, becomes member of family of grandfather, to be supported as one of his children, and is entitled to inherit his estate, he is within list of dependents having status of actual dependent; "orphan" being a fatherless child (citing Words and Phrases, First Series, "Dependent").

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dependent; Orphan.]

**7. Descent and distribution ⬅28—Grandchild, made orphan by loss of parent of blood of ancestor, is entitled to inherit directly from ancestor; "child."**

A grandchild, made an orphan by the loss of the parent of the blood of the ancestor, is entitled to inherit directly from the ancestor on his decease; term "child," as used in statutes of distribution, including orphaned grandchildren.

Certiorari to Circuit Court, Jefferson County; Joe C. Hail, Judge.

Petition of Earl Cline for certiorari to the Circuit Court of Jefferson County to review the judgment of that court in a proceeding by Lennie Ross McCoy, Jr., suing by next friend, against the petitioner under the Workmen's Compensation Act. Writ denied; judgment affirmed.

J. P. Mudd, of Birmingham, for appellant.

The plaintiff was not a dependent child of the deceased employé, within the meaning of that term as used in the compensation statutes. Brown v. Finley, 157 Ala. 424, 47 So. 577, 16 Ann. Cas. 778, 131 Am. St. Rep. 68, 21 L. R. A. (N. S.) 679; Schneider, Work. Comp. 896; Code 1923, §§ 7553, 7556, 7559, 7560, 7596; Russell v. Russell, 84 Ala. 48, 3 So. 900; Tillery v. Tillery, 155 Ala. 495, 46 So. 582; Tepper v. Sup. Council, 59 N. J. Eq. 321, 45 A. 111; Buttrey v. West, 212 Ala. 321, 102 So. 456; Ex parte Shaw, 210 Ala. 185, 97 So. 694.

D. G. Ewing, of Birmingham, for appellee.

Plaintiff is entitled to compensation as a dependent of the deceased employé. Code 1923, §§ 6940, 7553, 7596 (b), 7556, 7559; Ex parte Central I. & C. Co., 209 Ala. 22, 95 So. 474; Poston v. Young, 7 J. J. Marsh. (30 Ky.) 501; Soohan v. Phila., 33 Pa. 9; 2 Tom. Law Dict. 678.

BOULDIN, J. Certiorari to review the judgment of the circuit court awarding compensation to a dependent grandchild of a deceased employé under the Workmen's Compensation Law.

Lennie Ross McCoy, Jr., a child 6 years of age, is a grandson of R. J. McCoy, the deceased employé. Lennie Ross McCoy, Sr., son of R. J. McCoy and father of claimant, died when the latter was about 18 months of age. His mother entered into a contract in writing with his grandparents, R. J. and Jennie McCoy, by which they agreed to take, support, and educate him as their own child, and allow him to inherit "with their own children equally their estate." Thereafter the child lived with his grandparents, and was wholly dependent upon them for support until the grandfather's death.

The question of merit in the case is whether claimant is a "child" or "orphan" within the meaning of the law defining dependents entitled to compensation.

One inquiry presented is: Can the claimant take as an adopted child?

"(b) 'Child' or 'children' include posthumous children and all other children entitled by law to inherit as children of the deceased, also stepchildren who were members of the family of the deceased at the time of the accident, and dependent upon him for support." Code 1923, § 7596.

[1] The general language, "all other children entitled by law to inherit as children of the deceased" is broad enough to cover adopted children. In Ex parte Shaw, 210 Ala. 185, 97 So. 694, the court impliedly assumes that a child legally adopted pursuant to our statute so as to inherit as such is within this definition. It is a direct authority to the effect that a child merely receiving support, and standing toward deceased in no other relation than that of a person in loco parentis, is not included. Such appears to be the general rule. 1 Schneider, 956, 957.

[2] There was in this case no legal adoption as required by the law of Alabama. The written contract between appellee's mother and his grandparents was made in the state of Georgia. Whether sufficient in that state we need not inquire, since adoption of a child has no extraterritorial effect. Each state makes its own laws of descent and distribution. Brown v. Finley, 157 Ala. 424, 47 So. 577, 21 L. R. A. (N. S.) 697, 131 Am. St. Rep. 68, 16 Ann. Cas. 778.

[3] Appellee suggests that in this case the child was in equity entitled to inherit; that a court of equity will decree a specific performance of the contract to that end. Prince v. Prince, 194 Ala. 455, 69 So. 906.

Conceding this view, we cannot concur in the conclusion that in the summary proceedings provided under the Compensation Law it is contemplated the circuit court may assume equity jurisdiction to determine that question. These proceedings call for no other parties than the employer and claimant of compensation, while other parties may be necessary to a bill for specific performance.

[4] To decide whether appellee is a "child" or "dependent orphan," we must look to other status than that of an adopted child. In studying the scheme of dependency as a basis for compensation in cases of death of the employé, we note: The statute first declares certain conclusive and prima facie presumptions of dependency in favor of wife and children. Section 7552. This statute is mainly remedial. It fixes a legal dependency in certain cases, not open to question except upon grounds stated; a prima facie dependency in other cases, thus casting upon the employer the burden to disprove dependency in fact. In all cases not covered by this section the burden is left on the claimant to show actual dependency.

[5] We take occasion to note that in codifying this section there is an omission of children under 16 years of age as legal dependents. The context shows this a clerical omission, and we will regard this provision in the original act as unrepealed. Acts 1919, p. 217, § 14(b). It is manifest that children within this conclusive presumption of dependency include only those of the first degree: children born into the family of the deceased; dependents by nature, for whose care, support, and training the law makes the father responsible.

[6] The statute then lists total dependents in the order they shall take, and defines total dependency thus:

"*Total Dependents.*—Wife, child, husband, mother, father, grandmother, grandfather, sister, brother, mother-in-law and father-in-law who were wholly supported by the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto shall be considered his total dependents, and payment of compensation shall be made to them in the order named." Section 7553.

Partial dependency is then declared in like terms. Section 7554.

Then follows the schedule of compensation to the several classes of dependents: (1) To the dependent widow, where there is no dependent child; (2) to the dependent widow and one dependent child, two dependent children, and so on. Section 7554.

Then follows:

"If the deceased employé leave a dependent orphan, there shall be paid thirty per cent. of the average weekly earnings of deceased with ten per cent. additional for each additional orphan, with a maximum of sixty per cent. of such wages." Section 7556.

This is followed by schedules of compensation to the dependent husband, where there is no dependent child, and to other classes of dependents named in section 7553, where there is no dependent widow, child, or hus-

band. It is clear enough that "dependent orphan," as used in the above-quoted clause, includes "dependent child" when no "dependent widow" is left.

This clause appears in the schedule where that class should appear in regular order. Without it the schedule does not fix the compensation where the deceased employé leaves a dependent child or children and no widow. The amount of compensation is fixed therein on substantially the same basis as for widow and children. "Dependent orphan" aptly describes the case of the child who has lost both parents, left by the deceased employé with no mother living entitled to share under the schedule.

But the graver question is: Does the statute mean to limit "dependent orphan" to "dependent child" in the strict sense thereof? The inquiry comes, Why use the more inclusive term "orphan" in this connection? The natural order would be to follow the forms of expression employed both before and after this clause. If so, the clause would read, "If the deceased employé leave a dependent child and no dependent widow," etc. This regular form of expression is departed from to throw in the word "orphan" in lieu of "child," etc.

Again the statute says:

"In computing and paying compensation to *orphans or other children*, in all cases, only those under eighteen years of age, or those over eighteen years of age, who are physically or mentally incapacitated from earning, shall be included. * * *" (Italics supplied.) Section 7559.

And again:

"A dependent child or orphan shall be considered to mean an unmarried child under the age of eighteen years, or one over that age who is physically or mentally incapacitated from earning." Section 7596(c).

While the phrase "orphans or other children" may find a field of operation in cases where there is left a widow and no children, and where there is left a widow and children, the natural import is broader than children only in the strict sense.

Again, in the definition of a "child" above quoted, instead of saying "children" shall include posthumous children, stepchildren, and legally adopted children, the more inclusive expression, "all other children entitled by law to inherit as children of the deceased," is used.

[7] A grandchild made an orphan by the loss of the parent of the blood of the ancestor is entitled to inherit directly from the ancestor upon his decease. The term "child" is used in one of our statutes of distribution to include the orphaned grandchild. Phillips v. Lawing, 150 Ala. 186, 43 So. 494. "Orphan" is primarily defined as a fatherless child. The word is of Greek origin, and de-

noted especially the children of soldiers killed in war. However, the word is now used, as the context may imply, to include a child who has lost the mother, and, of course, one who has lost both parents. 6 Words and Phrases, First Series, p. 5067, "Orphan"; 29 Cyc. p. 1531.

The compensation statutes include dependent grandparents, brothers and sisters, persons in the same relation by blood as the grandchild. True, the grandchild is not listed. Thus he is excluded as a class. Generally speaking, the grandchild is supposed to have those of nearer blood due to support him.

But when the grandchild, made an orphan by the death of the father, the person naturally charged with his support, becomes a member of the family of the grandfather, to be supported as one of his children, and is entitled to inherit his estate, we think the comprehensive terms used in our statute mean to include him in the list of dependents, having the status of an actual dependent. Ex parte Central I. & C. Co., 209 Ala. 22, 95 So. 472. All the ties of affection, and the natural obligations arising from the situation, would not likely be overlooked by legislators. We can scarcely conceive that legislators would include stepchildren, members of the family, while the orphaned grandchild, likewise a wholly dependent member of the family, is turned empty away. The humanities of the case, the causes giving birth to our compensation laws, forbid such construction.

We find no reversible error in the action of the lower court, nor in the other matters presented in argument. These other questions being merely procedural, and not controlling the merits of the cause, we deem it unnecessary to discuss them at length.

Writ denied; judgment affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.