(106 So. 869)
**MORGAN–HILL PAVING CO. v. EVANS.**
**(6 Div. 558.)**

(Supreme Court of Alabama. Jan. 14, 1926.)

**Master and servant ☞386(1)—Minimum death compensation held proper allowance to partial dependent.**

Where deceased employee earned $18 a week and contributed $6 a week to support of partially dependent father, whose earnings were $12 a week, *held*, in view of Workmen's Compensation Law (Code 1923, §§ 7556, 7558), that minimum allowance of $5 a week for 300 weeks to father was proper.

Certiorari to Circuit Court, Jefferson County; Romaine Boyd, Judge.

Petition of the Morgan-Hill Paving Company for certiorari to the Circuit Court of Jefferson County to review the finding of that court in a proceeding under the Workmen's Compensation Act by J. M. Evans, as the partially dependent father of J. W. Evans, who was killed while in the employ of petitioner. Affirmed.

B. F. Smith, of Birmingham, for petitioner.

Appellee was entitled to receive no more than one-half the compensation allowed total dependent. Code 1923, § 7556.

Beddow & Ray, of Birmingham, opposed.

The minimum of $5 per week applies in this case. Code 1923, § 7558; Ex parte American Mine Owners' Mutual, 213 Ala. 411, 104 So. 913.

SOMERVILLE, J. With respect to the compensation payable to partial dependents under the Workmen's Compensation Law, the last clause of section 7556 of the Code provides:

"Partial dependents shall be entitled to receive only that proportion of the benefits provided for actual dependents which the average amount of the earnings regularly contributed by the deceased to such partial dependent, at and for a reasonable time immediately prior to the injury, bore to the total income of the dependent during the same time."

Section 7558, which provides that death compensation, both as to total and partial

dependents, shall be subject to a maximum of $12, and a minimum of $5 a week, further declares:

"But if the income loss of said partial dependent by such death is less than $5 per week, then the dependents shall receive the full amount of their income loss."

The trial court found that the plaintiff was a partial dependent; that the deceased employee earned an average weekly wage of $18; that plaintiff's total income from all sources was $12 per week; and that the deceased employee's contribution to plaintiff during the period of his partial dependency did not exceed $6 per week. On these findings the court adjudged to plaintiff the sum of $5 a week for 300 weeks.

The defendant's contention is that, under the quoted provision of section 7556 of the Code, the recovery should have been for only half of the sum awarded, because that is the proportion between the contribution of deceased to plaintiff and plaintiff's total income.

But that provision of section 7556 is qualified by the maximum and minimum provision of section 7558; and, since the plaintiff's income loss was not less than $5 (being, in fact, $6), the $5 minimum was not affected, and the trial court properly allowed the minimum of $5 per week.

This being the only question presented, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.