(106 So. 806)

BIRMINGHAM SLAG CO. v. JOHNSON.
(6 Div. 538.)

(Supreme Court of Alabama. Jan. 14, 1926.)

1. **Master and servant** ⬦412—Bill of exceptions in compensation proceeding considered, where finding of facts was omissive.

In reviewing proceeding under Workmen's Compensation Act, in which finding of facts was omissive in its failure to find total income of defendant, bill of exceptions will be considered by Supreme Court.

2. **Master and servant** ⬦386(1)—Compensation for partially dependent mother computed.

Where deceased employee, whose weekly salary was $28.55, contributed $7 thereof to mother, whose total weekly income was $13, mother was entitled to $5 weekly compensation, since $3.85, the amount allowable under Code 1923, § 7556, was subject to minimum limit fixed by section 7558.

Certiorari to Circuit Court, Jefferson County; John Densen, Judge.

Petition of the Birmingham Slag Company for certiorari to the Jefferson circuit court to review and revise a judgment and finding of that court for claimant in a proceeding under the Workmen's Compensation Act, brought by Mrs. M. J. Johnson for the death of William M. Johnson, her son, opposed by petitioner. Corrected and affirmed.

Bradley, Baldwin, All & White and John L. Bromberg, all of Birmingham, for appellant.

Plaintiff was entitled to only that proportion of the benefits provided for actual defendants which the average amount of earnings regularly contributed to her bore to the total income of plaintiff. Code 1923, §§ 7556, 7558; Ex parte Jagger Coal Co., 211 Ala. 11, 99 So. 99; Ex parte Woodward Iron Co., 211 Ala. 111, 99 So. 649; Ex parte Sloss Co., 207 Ala. 219, 92 So. 458. The finding by the trial court is insufficient, in failing to show total income of plaintiff. Ex parte American M. O. M., Inc., 20 Ala. App. 647, 104 So. 912; Honnold on W. C. 642.

Goodwyn & Ross, of Bessemer, and Crampton Harris and W. C. Woodall, both of Birmingham, for appellee.

The finding by the trial judge will not be disturbed, if there is any evidence to support it. Ex parte Woodward Iron Co., 211 Ala. 111, 99 So. 649; Ex parte Nunnally Co.,

209 Ala. 82, 95 So. 343; Ex parte Sloss Co., 207 Ala. 219, 92 So. 458. The failure of the trial judge · to find the total income of the plaintiff will not defeat recovery. Ex parte American M. O. M., Inc., 20 Ala. App. 647, 104 So. 912.

BOULDIN, J. This is a compensation case. The claim is prosecuted by Mrs. M. J. Johnson as the dependent mother of William M. Johnson, the deceased employee. The point of controversy is the amount of compensation allowed.

The trial court found the average weekly earnings of deceased to be $28.55; that the average contribution to his mother's support for some years prior to his death was $7 per week.

Touching actual dependency the court said:

"The court further finds from the evidence that Mrs. M. J. Johnson is a widow woman, and had no means of support other than what she earned from short period transient boarders, which was not enough to support her; that Mrs. M. J. Johnson was partially dependent upon her son for support."

The judgment awarded the mother $7 per week for 300 weeks.

" * * * Partial dependents shall be entitled to receive only that proportion of the benefits provided for actual dependents which the average amount of the earnings regularly contributed by the deceased to such partial dependent, at and for a reasonable time immediately prior to the injury bore to the total income of the · dependent during the same time." Code, § 7556.

[1, 2] The finding of facts is omissive in its failure to find the total income of the dependent. In such case we look to the bill of exceptions. Ex parte Paramount Coal Co. (Ala. Sup.) 104 So. 753;[1] Ex parte American Mine Owners Mutual, 20 Ala. App. 647, 104 So. 912.

It reasonably appears from the evidence of plaintiff, shown by bill of exceptions, that her income from the boarding house business during the year preceding decedent's death, consumed in providing herself food, shelter and clothing, was $6 per week. This income, it appears, accrued by the aid of another son, who paid the rent on the joint residence of himself and mother and contributed to payment of grocery bills; but it may be treated, as it was treated by the court below, viz., as income from the boarding house business.

Applying the above quoted statute to the facts found by the trial court, aided by the bill of exceptions, we have the following factors: Total income of dependent, $13 per week. Amount contributed by deceased, $7 per week. Compensation to wholly dependent mother under section 7556, 25 per cent. of weekly earnings, in this case 25 per cent. of $28.55, viz., $7.14 per week. The amount to

which the plaintiff is entitled by section 7556 is solvable by the following equation: 13:7 :: 7.14:(?). Upon solution the parenthetical number, found to be $3.85, represents the weekly compensation allowable under section 7556.

But the allowance is subject to the minimum limit fixed by section 7558. The mother's income loss being in excess of $5 per week, she is entitled to be compensated at the rate of $5 per week for 300 weeks.

The judgment will be here corrected reducing the allowance from $7 per week to $5 per week, and the attorney's fee in like proportion.

Corrected and affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

