(126 So. 116)

**MORGAN–HILL PAVING CO. v. STEWART et al. (6 Div. 437.)**

Supreme Court of Alabama. Jan. 23, 1930.

London, Yancey & Brower and Whit Windham, all of Birmingham, for appellant.

Davis & Curtis, of Jasper, for appellees.

THOMAS, J. The petition is for a statutory writ of certiorari under the Workmen's Compensation Act, and it was accompanied by a bill of exceptions. There was judgment for the dependents (grandchildren of the decedent) stated in the original petition, after due or actual notice and answer of respondents. The trial was on the evidence for the respective parties in interest, and there is a full finding or recitation of the facts in the judgment on which the adjudication of dependency and the amount thereof is rested.

The controverted issues in the case are: Were the plaintiffs dependent upon decedent for their support, within the statute? And, if so, how much did said decedent contribute to their support? The amount was found to have been $6 per week, etc.

If the finding of fact in a compensation case is as required by law and our decisions, the bill of exceptions cannot be looked to for any purpose, except to see if there was any evidence to support the finding of the court. Ex parte Mt. Carmel Coal Co., 209 Ala. 519, 96 So. 626; Ex parte Jagger Coal Co., 211 Ala. 11, 99 So. 99; Ex parte Woodward Iron Co., 211 Ala. 74, 99 So. 97; Ex parte Woodward Iron Co., 211 Ala. 114, 99 So. 649; Ex parte Coleman, 211 Ala. 248, 100 So. 114; Ex parte De Bardeleben Coal Co., 212 Ala. 533, 103 So. 548. The finding is conclusive, if there is any evidence in the record that will support the same. Ex parte Smith Lumber Co., 206 Ala. 485, 90 So. 807; Ex parte Sloss-Sheffield S. & I. Co., 207 Ala. 219, 92 So. 458; Ex parte Nunnally Co., 209 Ala. 82, 95 So.

343, and the Woodward Cases, supra. Such is the rule, though there be conflicting tendencies presented by the evidence. Martin v. Sloss-Sheffield S. & I. Co., 216 Ala. 501, 113 So. 578, and authorities cited; Ex parte Sloss-Sheffield, etc., Co. (Greek's Case), 207 Ala. 219, 92 So. 458; Hardisty v. Woodward Iron Co., 214 Ala. 256, 107 So. 837; Ex parte L. & N. R. Co., 208 Ala. 216, 94 So. 289; Ex parte Gadsden Car Works, 211 Ala. 82, 99 So. 725; Ex parte Woodward Iron Co., 211 Ala. 111, 99 So. 649.

The finding of the court was for minimum death compensation of $5 per week, under the statute (section 7558, Code of 1928), as to this class of dependents; and the sum allowed by the court was the minimum permitted by section 7558, Code, not the percentage contribution provided by section 7556 of the Code. In Morgan-Hill Paving Co. v. Evans, 214 Ala. 125, 106 So. 869, it is declared that the provisions of section 7556, Code, are qualified by the maximum and minimum provisions of section 7558 of the Code. Birmingham Slag Co. v. Johnson, 214 Ala. 131, 106 So. 806.

The case for decision is determined on the authority of Ex parte Cline, 213 Ala. 599, 105 So. 686, 688, in which it is declared that when a grandchild, made an orphan by the death of his father, "becomes a member of the family of the grandfather, to be supported as one of his children," he is a dependent, within the statute. There is analogy in Phillips v. Lawing, 150 Ala. 186, 43 So. 494; Ex parte Central I. & Coal Co., 209 Ala. 22, 95 So. 472; Superior Coal Co. v. Industrial Commission, 304 Ill. 320, 136 N. E. 762.

The several "dependents" under the statute are "wholly dependent," or dependents (section 7552, Code), and are named and relieved of the burden of proof as to dependency; those not enumerated have the burden of proof of dependency to carry (Ex parte Cline, 213 Ala. 599, 105 So. 686); section 7553 defines "total dependents"; "partial dependents" are defined and dealt with in section 7554, Code; and section 7556, Code, deals with "actual dependents." It thus appears there are three classes of dependents, viz. total dependents, partial dependents, and actual dependents. The opening clause of section 7556, Code, is: "If the deceased employee leave a dependent orphan," etc., and the second class in said section is: "If the deceased employee leaves no widow or *child*."

It is thus apparent, according to our liberal construction of the statute, that the word *"orphan"* is broader and may embrace others than a child of decedent, who are "actually dependent on the deceased at the time," and an actual dependent within the law. And in this case such actual dependents of the deceased grandfather were his "de-

pendent orphan" grandchildren. Ex parte Cline, 213 Ala. 599, 601, 105 So. 686; Wilson v. Birmingham Elec. Co., 219 Ala. 436, 122 So. 411. This construction of the statute extends to orphan, dependent grandchildren, and finds support in the words of section 7559, saying: "In computing and paying compensation to *orphans* or *other* children," thus recognizing other children than orphans; and so of section 7596 (c), "a dependent child or orphan," construed in Ex parte Cline, supra, as an orphan dependent grandchild. Who is an actual dependent of decedent is within the statute. Ex parte Central Iron & Coal Co., 209 Ala. 22, 95 So. 472. That is to say, the humane construction to be placed upon the statute is to include grandchildren, where they are actually dependent on the grandparent as a member of his household. The use of the word "orphan" is broad enough to include a fatherless and motherless child, who is being actually cared for and totally dependent upon the deceased workman as an actual dependent; though the dependents here were being maintained by the grandfather in the home of his married daughter.

The writ is denied, and judgment of the lower court is affirmed.

Writ denied; affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.