## CHISOLM *vs.* CHISOLM'S EXECUTORS.

[APPLICATION BY WIDOW FOR ALLOTMENT OF HOMESTEAD,]

1. *Exemption of homestead for widow and family of insolvent decedent.*—By section 1738 of the Code, and the acts amendatory thereof, approved respectively on the 30th January, 1860, (Session Acts, 1859-60, p. 18,) and the 9th December, 1864, (Session Acts, 1864, p. 93,) a permanent homestead, or its value in money, is secured to the widow and family of a decedent whose estate is insolvent; and the fact that the widow's dower in the lands has been allotted to her, is no bar to her application for the benefit of the statute.

APPEAL from the Probate Court of Henry.

IN the matter of the petition of Mrs. E. C. Chisolm, the widow of Robert J. Chisolm, deceased, for an allotment of the homestead, "in accordance with section 1738 of the Code, and the laws amendatory thereof," belonging to the estate of her said deceased husband. The petition was filed on the 27th November, 1866, and alleged, that the pe-

Chisolm v. Chisolm's Ex'rs.

titione·· and Walter Chisolm, her minor child, were the only heirs-at-law of said decedent; that the deceased was seized and possessed, at the time of his death, of certain lands in said county, which were particularly described in the petition; that the estate had been reported and declared insolvent, and that it was necessary to sell the real estate for the payment of debts. The prayer of the petition was, that appraisers might be appointed "to set apart five hundred dollars worth of said lands to her and said minor child"; or, if the appraisers should report that this could not be done, "that the court will order John M. Bowden and E. C. Chisolm, the executor and executrix of said estate, to sell said real estate, and to pay to the widow and said child five hundred dollars of the proceeds of sale." The court appointed the 14th January, 1867, for the hearing of the petition; and, on that day, rendered the following decree: "Upon this, it being the day set to hear and determine an application by E. C. Chisolm," &c., (stating the averments and prayer of the petition,) "came the said petitioner, and moves the court to grant her said application; and J. M. Bowden, her co-executor of said estate, being present, but making no objection; thereupon, the court proceeded to hear and determine the same; and it was shown, to the satisfaction of the court, that all the allegations contained in said petition are true; but, it further appearing that said widow has heretofore claimed, and had duly allotted to her, dower in said lands, it is ordered, that said petition be dismissed; the court holding, that she is not entitled to both dower and five hundred dollars worth of that real estate." The decree of the court is now assigned as error.

W. C. OATES, for the appellant.

JUDGE, J.—An act of the legislature, passed December 9, 1864, provides, "that the act approved January 30, 1860, entitled 'An act to construe section 1738 of the Code,' shall be held and construed to apply to real estate, only in cases where the estate of the decedent is insolvent, and it becomes necessary to sell the real estate for the payment of

debts." The act of 1864 provides further, "that in cases where the widow, or widow and children, are entitled to five hundred dollars worth of land, under said section, the judge of the probate court may appoint three appraisers, who shall, after being duly sworn, proceed to lay off and set apart said land in accordance with said section, and make due return thereof, in a reasonable time, to said court; and if the real estate can not be divided, so as to set apart five hundred dollars worth thereof, under said section, and the commissioners shall so report, the probate court shall order, that the executor, or administrator of the estate, shall sell the real estate, and pay to the widow, or widow and children, or child, or children, five hundred dollars of the proceeds of sale."—Session Acts, 1864, p. 93.

The benefits intended to be conferred upon the widow of a decedent, by the legislation above cited, are not limited, as was supposed by the court below, to cases in which the widow may assert no claim to dower in the realty of the estate. Irrespective of the widow's dower, it was intended, in the event the estate should be insolvent, and a sale of the real estate become necessary for the payment of debts, to secure to the *family* of the deceased—"the widow, or widow and children, or child, or children"—a permanent homestead of the value of five hundred dollars, if such could be set apart to them from the realty; and if it could not, to secure its equivalent in money, to be realized from a sale of the realty, for their use and benefit.

It results that the court below took a wrong view of the question involved, and that the decree must be reversed, and the cause remanded.