# Phillips, *et al. v.* Lawing, *et al.*

*Bill for Participation in Estate.*

(Decided April 9, 1907. 43 So. Rep. 494.).

*Descent and Distribution; Personalty; Rights of Widow and Children of Deceased Child.*—Construing together sections 1454 and 1462 it is held that the word child and children in the latter section mean a child or children entitled to participate in the distribution of the estate whether living or represented by descendants.

APPEAL from Madison Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Ruby Lawing and others against B. Posey Phillips and another. From a decree overruling defendants' demurrer to the bill and a motion to dismiss the same, they appeal. Affirmed.

This was a bill presented by Ruby Lawing, Arthur R. Phillips, and Peal McCullough, by next friend, against B. Posey Phillips and Martha Phillips. Posey Phillips is sued in his representative character as the administrator of Ben Phillips, deceased, and as surviving partner of the firm of Ben Phillips & Co. The allegations of the bill are that Ben Phillips died intestate, and left surviving him his widow, Martha Phillips, and these complainants, the children of his deceased son, Arthur Phillips, who died prior to Ben Phillips. It is alleged that there is no real estate, but that the personal estate of Ben Phillips is worth several thousand dollars. Demurrers were interposed to the bill as follows: "The bill shows on its face that the complainants have no interest in the matters averred in the complaint. The bill shows that the complainants are the grandchildren of the decedent, and further shows that the decedent died without owning any estate, and that he left surviving him a wife, and no children." Motion was also made to dismiss the bill for want of equity. The chancellor over-

ruled the demurrers and motion to dismiss, and from this decree this appeal is prosecuted.

DAVID A. GRAYSON, for appellant.—The appellees not being children of Benjamin Phillips, deceased, were not entitled to take anything and therefore have no interest in the bill and it should have been dismissed.—Section 1462 Code 1896; *Russell v. Wright*, 98 Ala. 652; *Russell v. Russell*, 64 Ala. 500; *Echols v. Jordan*, 39 Ala. 31; 3 A. & E. Encyc. of Law, 231.

VIRGIL BOULDIN and R. C. BRICKELL, for appellees.— Section 1462 of the Code must be construed in connection with section 1453, *Butler v. Elyton Land Co.*, 84 Ala. 384. Thus construed the section has reference to grand-children as well as to children.—7 Cyc. pp. 126-7 and notes 48, 49 and 50.

DOWDELL, J.—The present appeal is prosecuted from the decree of the chancellor overruling the respondents' demurrer to the bill and motion to dismiss the same for want of equity. The question presented for our consideration calls for a construction of section 1462 of the Code of 1896. On this question we are satisfied with the opinion of the chancellor, accompanying his decree, and in which we concur, and here adopt the same as the opinion of this court:

"One Ben Phillips, complainants' grandfather, died intestate, leaving no immediate children. His wife, Martha Phillips, survived him, and the theory of the demurrer is that she is entitled to his entire estate, as it consists only of personal property. * * * What is meant by the word 'child,' or 'chldren,' within the meaning of this section? Ordinarily children include only descendants of the first degree, and not descendants of children; but the rule is different where the intention to use the word in a broader sense and more extended signification appears from the context of the instrument in which it is employed; where the word appears to have been employed as nomen collectivum, or synonymous with a word of larger import, such as 'issue,' or 'descendants'; where such interpretation is re-

quired by reason and justice. 7 Cyc. 126, 127, and notes 48, 49, 50. Applying these rules to the statute, it is noted, first, that it must be construed as a part of the general statute of distribution and descent, in which the section is found. This is shown on the face of the statute. It provides for the distribution of the entire personal estate, not by repeating in terms how it shall go, but by reference to the descent of realty—'in the same manner as his real estate'—except that the widow enters as a distributee to take a share, determined by the number of children, if any, entitled to a share in the distribution. To make it more explicit, it is declared, not only that the personalty shall be distributed in the same manner as the realty, but according to the same rules. These rules include the rule of representation defined by section 1454. It is perfectly clear that, as among the children, the descendants of a deceased child take the ancestor's share by representation. Does one rule apply in carving out the widow's share, and a different rule in the division of the residue among the children? It is also clear that this statute intends that, in case there are children, the widow shall take share and share alike with them, if not more than four, and if more than four, then she takes a fifth. Keeping this intent in mind, let us look at the result in the several contingencies named in the statute, if it is to be construed as contended by the demurrer. 'If but one child, she is entitled to one-half.' The theory of the demurrer is that this means one child living. Suppose there is one child living, and three deceased children represented by descendants. Then the result of such contention would be that the widow takes one-half, and the other half would be divided in four shares; each child taking only a one-eighth interest. Was it intended to work such an inequality as that? In such cases, the living child would take a less interest than if all four were living. Again, the widow is entitled, 'if more than one, and not more than four children, to a child's part.' What is a child's part? A child's part must of necessity be computed from the number of children represented in the distribution, whether living or not. Suppose there are two children living and two dead leaving de-

scendants. Under the theory of the demurrer, the widow would take one-third, while each of the children would take one-sixth. Yet the statute says she must have a 'child's part.' It could not be pretended that in this same section the term 'child,' or 'children,' is used in two distinct senses. In order, therefore, to effect the manifest intent of this section as a whole, in connection with the whole subject of descent and distribution, expressly incorporated therein, the word 'child,' or 'children,' must be construed as meaning child or children represented in the distribution of the estate, whether such child is living or is represented by descendants."

The ruling of the chancellor on the demurrer and motion is free from error, and his decree will be here affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.