CHEROKEE BRICK COMPANY *et al. v.* ADDIE CLAYTON BISHOP
*et al.**

(*Knoxville.* September Term, 1927.)

Opinion filed, November 21, 1927.)

1. WORKMEN'S COMPENSATION. DEPENDENTS.

By the provisions of the Workmen's Compensation Act compensation may be awarded only to the classes of dependents of the deceased workman described and set out therein. (Post, p. 171.)

2. WORKMEN'S COMPENSATION. DEPENDENTS. CONSTRUCTION OF STATUTE.

In the construction of our Workmen's Compensation Law the rule that words found in a statute are to be taken in their natural and ordinary sense without extending their meaning by forced construction cannot be invoked when we have already assumed the task of ascertaining not the meaning of a single word standing alone but of ascertaining the meaning of the legislature in the enactment of the statute as a whole, and particularly that section in which several classes of dependents to whom compensation may be awarded are defined. (Post, p. 172.)

Citing: O'Neil v. State, 115 Tenn. (7 Cates), 427; Doty v. American Telephone & Telegraph Co., 123 Tenn. (15 Cates), 329.

3. WORKMEN'S COMPENSATION. PURPOSE. CONSTRUCTION.

Since the Workmen's Compensation Law was enacted to provide for the dependents of the employees who accidentally met with injury or death in their employment, and to accomplish the beneficial purposes intended, the law should be given a broad rather than a narrow construction. (Post, p. 173.)

Citing: Johnson Coffee Co. v. McDonald, 143 Tenn. (16 Thomp.), 505; Bohlen-Huse Coal & Ice Co. v. McDaniel, 148 Tenn. (21 Thomp.), 628.

*As to who are dependents within meaning of Workmen's Compensation Act, see annotation in L. R. A., 1916A, pp. 121, 163, 248; L. R. A., 1917D, 157; L. R. A., 1918F, 483; 13 A. L. R., 686; 30 A. L. R., 1253; 35 A. L. R., 1066; 39 A. L. R., 313; 28 R. C., 770, et seq.

On the general rule as to construction and interpretation of Workmen's Compensation Law, see 25 R. C. L., 995.

4. **WORKMEN'S COMPENSATION. GRANDCHILD. CONSTRUCTION.**

Though the grandchild is not listed in the Workmen's Compensation Act, when he is made an orphan by the death of his father, the person naturally charged with his support, becomes a member of the family of his grandfather, to be supported as one of his children, and is entitled to inherit his estate, the comprehensive terms used in our statute mean to include him in the list of dependents.    (Post, p. 173.)

Citing: Ex parte Cline, 105 So. Rep., 686; Ex parte Central I. & C. Co., 209 Ala., 22, 95 So., 472.

5. **WORKMEN'S COMPENSATION. STEPCHILD.**

A stepchild actually dependent upon a deceased workman and a member of his family held to be a dependent child within the meaning of a statute similar in terms to ours.    (Post, p. 175.)

Citing: Klotz v. Newark Paving Co., 86 N. J. L., 690, 96 Atl., 1086; Aluminum Co. of America v. Fendnall, 150 Tenn. 446.

6. **WORKMEN'S COMPENSATION. ILLEGITIMATE CHILD.**

An illegitimate child of an employee, or his adopted child, might be under certain circumstances included as a dependent under our Workmen's Compensation Law.    Subsec. 30, ch. 123, Acts of 1919; Portin v. Portin, 149 Tenn., 530 (Post, p. 175.)

7. **WORKMEN'S COMPENSATION. RELATIONSHIP. DEPENDENCY.**

While the general rule that the word child or children includes only descendants of the first degree, such general rule is invariably coupled with exceptions thereto whenever a more comprehensive meaning is rendered necessary by the context of the instrument or the statute under consideration, or in order to give effect to the evident intention of the parties executing it.    (Post, p. 175.)

Citing: Hoggatt v. Clopton, 142 Tenn. (15 Thomp.), 199; Turner v. Ivie, 52 Tenn. (5 Heisk.), 222; Booker v. Booker, 24 Tenn. (5 Humph.), 505.

8. **WORKMEN'S COMPENSATION. CONSTRUCTION. INTENTION.**

Where words appear to have been employed as nomen collectivum or synonymous with a word of larger import, such as "issue" or "descendants," or where such interpretation is imperative, or

is required by reason and justice, such words will be given their broadest meaning. (Post, p. 176.)

9. **WORKMEN'S COMPENSATION. CONSTRUCTION. GRAND-CHILDREN. LEGISLATIVE INTENT.**

In the construction of our Workmen's Compensation Law we are forced to the conclusion that it was not the intention of the legislature to exclude wholly dependent grandchildren from the protection of the statute. Subsec. 3, sec. 30, chapter 123, Acts of 1919. (Post, p. 177.)

10. **WORKMEN'S COMPENSATION. CONSTRUCTION OF STATUTE. ORPHAN.**

The legislature did not used the terms "orphan," and "each additional orphan" in their strict and legal sense. (Post, p. 178.)

Citing: Johnson Coffee Co. v. McDonald, 143 Tenn. (16 Thomp.), 505, Subsec. 10, sec. 30, Chapter 123, Acts of 1919.

11. **WORKMEN'S COMPENSATION. CONSTRUCTION OF STATUTE. LEGISLATIVE INTENT.**

By the use of the term "orphan" the legislature had reference to all dependent children within the classes of dependency as defined in the Workmen's Compensation Law. (Post, p. 178.)

Citing: Subsec. 10, sec. 30, Chapter 123, Acts of 1919.

---

*Headnotes 1. Workmen's Compensation Acts, C. J., section 49; 2 Statutes, 36 Cyc., p. 1114; 3. Workmen's Compensation Acts, C. J., section 34.

---

### FROM KNOX.

---

Appeal from the Circuit Court of Knox County.—HON. A. C. GRIMM, Judge.

JOE F. DENNY and JAMES B. WRIGHT, for plaintiff in error.

FRANTZ, McCONNELL & SEYMOUR, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The issue presented for our determination by this appeal is whether Dorothy Hilton and J. H. Hilton, aged five years and seven years, respectively, grandchildren of Robert Bishop, deceased, and at the time of the latter's death members of his household, and wholly dependent upon him for their support and maintenance, may be awarded compensation under the provisions of the Workmen's Compensation Law, Acts 1919, chapter 123, on account of the death of their grandfather, which was occasioned by an industrial accident rendering his employer liable to pay compensation under said statute.

The grandchildren of the deceased employee were the children of his daughter, and were taken into the home of the grandfather following the divorce of their parents, since which event they have received no support from either parent, the whereabouts of their father being unknown.

(1) By the provisions of the statute, compensation may be awarded only to the classes of dependents of a deceased workman described and set out therein.

Our conclusion in the present case is controlled by the proper construction to be given to section 30, subsection 3, which is as follows:

"Wife, child, husband, mother, father, grandmother, grandfather, sister, brother, mother-in-law, and father-in-law who were wholly supported by the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto shall be considered his actual dependents, and payment of compensation shall be made to them in the order named."

For the grandchildren it is contended that the word "child," as used in this subsection, was intended by the Legislature to include a grandchild, wholly supported by the grandfather at the time of his death; that this in-

tention appears from the context, in that grandparents, sisters and brothers of the deceased workman are expressly classified as dependents, when actual dependency is shown, and these classes of dependents stand in the same degree of relationship to the deceased workman as his grandchildren.

It is also contended that the legislative intent to include a grandchild within the term "child" further appears from the fact that a father-in-law or mother-in-law, actually dependent upon the deceased workman, is included in the list of dependents who may be awarded compensation, and, unless absolutely necessary, the language used will not be so construed as to impute to the Legislature an intention to exclude from the benefits of the statute dependent grandchildren who may be infants and wholly incapable of self-support, or even of seeking charity on their own account, while at the same time including within the benefits of the statute adult dependents of no blood kin to the deceased workman.

On the other hand, it is contended for the employer and its insurer that the enumeration of the several classes of dependents in subsection 3, evinces a legislative intention to exclude any persons, although dependent in fact, who do not fall within any of the enumerated classes. The employer invokes the application of the rule of construction, *expressi unius est exclusio alterius.*

(2) Learned counsel for the employer contend that the word "child" is a word of common use, without ambiguity; and it is urged that the court should follow the general rule of construction that such words found in a statute are to be taken in their natural and ordinary sense, without extending their meaning by a forced construction. *O'Neil* v. *State,* 115 Tenn., 427; *Doty* v. *American Telephone & Telegraph Co.,* 123 Tenn., 329.

While the rule of construction last referred to is of sound and practical value, we do not have before us the task of ascertaining the meaning of a single word, standing alone, but of ascertaining the meaning of the Legislature in the enactment of the statute as a whole, and particularly that section in which the several classes of dependents, to whom compensation may be awarded, are defined.

(3) In *Johnson Coffee Co.* v. *McDonald,* 143 Tenn., 505, one of the early cases construing the Workmen's Compensation Law, the court said:

"The purpose of the Workmen's Compensation Law is to provide for the dependents of the employee who accidentally meets with injury or death in the employment, and, to accomplish the beneficent purpose intended, the law should be given a broad rather than a narrow construction."

The policy of giving to the Workmen's Compensation Statute a liberal construction, in order to accomplish the purpose which the Legislature obviously had in mind, has been consistently followed by this court.

The purpose of the compensation statute was stated by this court in *Bohlen-Huse Coal & Ice Co.* v. *McDaniel,* 148 Tenn., 628, to be "to require industry to provide for its own casualties and to relieve society of that burden."

(4) In the Alabama compensation statute the several classes of dependents to whom compensation may be awarded are defined substantially as in our statute, with an additional provision that the word "child" includes posthumous children, stepchildren who were members of the family of the deceased and dependent upon him for support, "and all other children entitled by law to inherit as children of the deceased."

Giving effect particularly to the definition of the word found in the statute, the Supreme Court of Alabama, in *Ex parte Cline,* 105 So. Rep., 686, awarded compensation to a grandchild who had been taken into the home of the deceased workman upon the death of the child's parents. While some consideration was given by the Supreme Court of Alabama to the fact that the parents of the child were dead, the reasons by which the court was impelled to the conclusion that the grandchild was a dependent child of the deceased workman, within the meaning of the statute, appear in the following quotation from the opinion:

"The compensation statutes include dependent grandparents, brothers and sisters, persons in the same relation by blood as the grandchild. True, the grandchild is not listed. Thus he is excluded as a class. Generally speaking, the grandchild is supposed to have those of nearer blood due to support him.

"But, when the grandchild is made an orphan by the death of the father, the person naturally charged with his support, becomes a member of the family of the grandfather, to be supported as one of his children, and is entitled to inherit his estate, we think the comprehensive terms used in our statute mean to include him in the list of dependents, having the status of an actual dependent. *Ex parte Central I. & C. Co.,* 209 Ala., 22, 95 So., 472. All the ties of affection, and the natural obligations arising from the situation, would not likely be overlooked by legislators. We can scarcely conceive that legislators would include stepchildren, members of the family, while the orphaned grandchild, likewise a wholly dependent member of the family, is turned empty away. The humanities of the case, the causes giving birth to our compensation laws, forbid such construction."

(5) Our own statute does not expressly name step-children as dependents who may receive compensation, but a stepchild actually dependent upon a deceased workman, and a member of his family, has been held to be a dependent child within the meaning of a statute very similar in terms to our statute. *Klotz* v. *Newark Paving Co.*, 86 N. J. L., 690, 92 Atl., 1086; *Aluminum Co. of America* v. *Fendnall*, 150 Tenn., 446.

(6) In *Portin* v. *Portin*, 149 Tenn., 530, this court recognized the legislative intention that a broader and more inclusive meaning should be given to the word "child," as it is used in subsection 3, than was intended by the use of the same word in subsections 1 and 2 of section 30 of the statute.

After demonstrating the necessity for such conclusion, the court said:

"The conclusion, therefore, seems inevitable that it was intended by subsection 3 and subsection 3a to provide for a class of children, not necessarily his legitimate offspring, but children supported by the deceased workman at the time of his death, either wholly or in part. We think his illegitimate child, or perhaps his adopted child, might be in this class."

In support of the conclusion that an illegitimate child, wholly dependent in fact upon his deceased father for support, is included as a dependent under subsection 3, although not included within the application of subsections 1 and 2, the court, in *Portin* v. *Portin, supra,* further said:

(7) "The Workman's Compensation Act is not a statute of descent or distribution. It was intended to relieve society of the burden of caring for injured workmen or the dependents of deceased workmen, and to place that burden upon the industry employing the workman. In

case of the workman's death, the lawmakers were concerned for the care of his dependents, not about the devolution of the workman's property. The dependency of the claimant is the true basis of his right to compensation rather than blood or marriage. Relationship is really only evidence of dependency.''

The general rule is undoubtedly that the word ''child'' or ''children'' includes only descendants of the first degree and not grandchildren or remote descendents; but the statement of this general rule in our cases is almost invariably coupled with a reference to exceptions to the general rule, whenever a more comprehensive meaning is rendered necessary by the context of the instrument or statute under construction, or in order to give effect to the evident intention of the party executing it. *Hoggatt* v. *Clopton,* 142 Tenn., 199; *Turner* v. *Ivie,* 52 Tenn., 222; *Booker* v. *Booker,* 24 Tenn. (5 Humph.), 505.

(8) In *Hoggatt* v. *Clopton, supra,* at page 197, this court quoted a statement of the general rule just referred to from Corpus Juris, vol. 11, pp. 753, *et seq.* Carrying the quotation further, the text from Corpus Juris is as follows:

''These exceptions are perhaps generally and universally confined to cases where it was necessary so to hold in order to give effect to the words of the instrument, or to the evident intention of the party executing it, as where a testator has shown by other language in his will that he does not use the word in its ordinary sense but intends it to have a more extended signification; where the intention to use the word in a broader sense and more extended signification appears from the context of the instrument in which it is employed; where the word appears to have been employed as *nomen collectivum* or synonymous with a word of larger import, such as 'issue'

or 'descendants;' where such interpretation is imperative, or is required by reason and justice."

*(9)* In *Phillips* v. *Lawing*, 150 Ala., 186, 43 So. Rep., 494, the Supreme Court of Alabama held that the word "child," as used in a statute of distribution, included grandchildren; the conclusion having been reached because a result contrary to reason and justice would have followed from a limitation of the term to descendants of the first degree.

Giving due consideration to the situation of a dependent grandchild upon the removal of his only source of support, to the general and underlying purpose of the legislation, and to the scope of the benefits conferred by subsection 3 of section 30, we are forced to the conclusion that it was not the intention of the Legislature to exclude wholly dependent grandchildren from the protection of the statute, and that the more liberal construction of the term employed must be adopted.

*(10)* In reaching this conclusion we have not overlooked the fact that subsection 10 of section 30 of the statute, which fixes the amount of the compensation payable to a dependent child, uses the term "orphan," and fixes the amount to be paid to "each additional orphan." It is clear, however, that the Legislature did not use that term in its strict and legal sense, since under it compensation is awarded dependent children upon the death of their mother on whom they were wholly dependent, notwithstanding their father be still living. *Johnson Coffee Co.* v. *McDonald,* 143 Tenn., 505.

*(11)* The Standard Dictionary gives as the definition of the word "orphan:" "Being in or pertaining to a position analogous to that of an orphan; bereaved; forsaken; unprotected; as, an orphan condition."

By the use of the term "orphan" the Legislature obviously had reference to all dependent children within the classes of dependents as defined in the preceding subsections of section 30.

The circuit court awarded compensation to the dependent grandchildren, and the judgment of that court will be affirmed.