127 So.2d 842

**C. V. STELZENMULLER, as Guardian ad litem,**

v.

**Miriam R. CARROLL.**

**6 Div. 293.**

Supreme Court of Alabama.

Jan. 26, 1961.

Rehearing Denied March 23, 1961.

C. V. Stelzenmuller (guardian ad litem) Birmingham, for appellant.

Irvine C. Porter, Birmingham, for appellee.

GOODWYN, Justice.

■ This is an appeal from a decree of the probate court of Jefferson County rendered in connection with the estate of Richard Benito Carroll, deceased. The substantive question presented concerns the construction of § 18, Tit. 61, Code 1940, which provides as follows:

"The widow may, in all cases, dissent from the will of her deceased husband, and, in lieu of the provision made for her by such will, take her dower in the lands and such portion of the personal estate as she would have been entitled to in case of intestacy; *except that if there are no children or their descendants and the personal estate exceeds fifty thousand dollars in value at the time of the re-turn of the appraisement, the widow upon dissenting shall take the first fifty thousand dollars of the personal estate and the remainder thereof shall be distributed as provided for in the will.* If the will makes no provision for her, she may claim her dower and distributive share limited as herein provided without dissenting from the will." [Emphasis supplied.]

Mr. Carroll left a last will and testament which was probated in Jefferson County. He was survived by his widow, Miriam R. Carroll, appellee, and by Richard B. Carroll, Jr., a son by his divorced first wife. The appraisal of his personal estate showed it to have a value considerably in excess of $50,000.

The widow dissented from the will. Thereafter, pursuant to §§ 335–341, Tit. 61, Code 1940, she filed an application in the probate court to compel the executors to pay her the distributive share of the estate to which she was entitled. In this connection, she contended that, under the provisions of § 18, Tit. 61, supra, she would not be limited to the first $50,000 of the personal estate, but would be entitled to take such portion of the personal estate "as she would have been entitled to in case of intestacy", that is, one-half of the personal estate, the decedent having left but one child surviving. (See Code 1940, Tit. 16, § 10, providing for distribution of the personal estate of persons dying intestate.) The probate court agreed with her contention and rendered a decree so holding. This appeal is from that decree. Code 1940, Tit. 7, §§ 776(4), 786.

Appellant argues that the phrase "if there are no children," as used in the exception clause of § 18, Tit. 61, supra, means if there are no "children of the marriage," that is, children of the widow and the decedent and does not include children of the decedent by a former marriage. We are unable to agree with this contention. Our view is that the probate court correctly construed the exception provision of § 18.

As we see it, § 18, Tit. 61, necessarily must be construed in connection with §§ 1 and 10, Tit. 16, Code 1940, (providing for the descent and distribution of an intestate's estate), since the effect of a widow's dissent from her deceased husband's will, pursuant to said § 18, is that she takes of his estate such property as she would have taken if he had died intestate (subject, of course, to the exception clause). In other words, §§ 1 and 10, Tit. 16, are, in effect, as much a part of § 18, Tit. 61, as if actually set forth therein. These sections provide as follows:

" § 1. * * * Descent of real estate.—The real estate of persons dying intestate, as to such estate descends, subject to the payment of debts, charges against the estate, and the widow's dower, as follows:

"(1) To the children of the intestate, or their descendants, in equal parts.

"(2) If there are no children or their descendants, then to the father and mother, in equal parts.

"(3) If there are no children or their descendants, and if there be but one surviving parent, then one-half to such surviving parent, and the other half to the brothers and sisters of the intestate, or their descendants, in equal parts.

"(4) If there are no children or their descendants, no brothers or sisters or their descendants, and if there be but one surviving parent, then the whole to such surviving parent.

"(5) If there are no children or their descendants, and no father or mother, then to the brothers and sisters of the intestate, or their descendants, in equal parts.

"(6) If there are no children or their descendants, no father or mother, and no brothers or sisters or their descendants, then the whole to the husband or wife of the intestate.

"(7) If there are no children or their descendants, no father or mother, no brothers or sisters or their descendants, and no husband or wife, then to the next of kin to the intestate, in equal degree, in equal parts.

"(8) If there are no children or their descendants, no father or mother, no brothers or sisters or their descendants, no husband or wife, and no next of kin capable of inheriting, then it escheats to the state."

"§ 10. * * * Distribution of personal estate.—The personal estate of persons dying intestate as to such estate, after the payment of debts and charges against the estate, is to be distributed in the same manner as his real estate, and according to the same rules; except that the widow, if there are no children, is entitled to all the personal estate, or, if but one child, she is entitled to one-half; if more than one, and not more than four, children, to a child's part; and if more than four children, to one-fifth."

We do not understand appellant to contend that the term "children", as used in §§ 1 and 10, Tit. 16, means "children of the marriage" and not "children of the intestate." There can be no doubt that the "children" who take under these statutes are the "children of the intestate." See Phillips v. Lawing, 150 Ala. 186, 188, 43 So. 494; Mueller v. Mueller, 127 Ala. 356, 363, 28 So. 465. So, the question is: Did the legislature intend to give to the term "children", as used in the exception clause of § 18, Tit. 61, a meaning different from that which it has in §§ 1 and 10, Tit. 16, particularly since, as already noted, said sections are, in effect, written into and constitute a part of § 18? In other words, did the legislature intend the term "children" to mean one thing in one part of § 18 and something else in another part? Obviously not, it seems to us.

The forerunner of § 18, Tit. 61, was § 10593 of the Code of 1923. What is now

the exception clause of § 18, Tit. 61, was added to § 10593 by amendment in 1932 (Act No. 304, approved Nov. 9, 1932, Gen. Acts, Ex.Sess.1932, p. 307). Section 10593, as thus amended, was carried into the 1940 Code as § 18, Tit. 61.

Prior to the 1932 amendment, a widow who dissented from her husband's will was entitled to take *all* of her husband's personal estate if there were *no children* (§§ 7374 (§ 10, Tit. 16, Code 1940) and 10593, Code 1923), the term "children" including "children of the testator" or "children represented in the distribution of the estate," and not just "children of the marriage," that is, of the testator and his widow. Phillips v. Lawing, supra [150 Ala. 186, 43 So. 495]. (We note that there is no question here concerning the applicability of §§ 42 and 43, Tit. 34, Code 1940, which come in to play when a widow has a separate estate. See Chambless v. Black, 250 Ala. 604, 35 So.2d 348.) The effect of the 1932 amendment, as we see it, was to place a limitation on the portion of the personal estate to which the widow, dissenting from the will, would be entitled in event the testator left no children or their descendants surviving him. That is, if the testator left surviving no children or their descendants, and his personal estate was in excess of $50,000, his widow would not be entitled to take all of the personal estate, as she would have prior to the amendment, but only the first $50,000, with the remainder being distributed as provided for in the will.

■ Appellant argues that the testator's niece, named in the will as remainderman, was a necessary party to the proceeding on the widow's application to compel payment to her of her distributive share of the personal estate. While beneficiaries might be proper parties to such a proceeding, it is generally held that they are not necessary parties. Millsap v. Stanley, 50 Ala.

319, 324; Tilley's Alabama Equity Pleading and Practice, § 29, p. 43; 21 Am.Jur., Executors and Administrators, § 940, p. 902. The rule is thus stated in Tilley's Alabama Equity Pleading and Practice, § 29, supra:

"* * * In a legatee's suit to recover his share of a pecuniary legacy in the hands of the executor, the indispensable parties are the legatee and the executor. These are the parties in whose absence no decree can be rendered respecting the subject-matter of the litigation. * * *"

In 21 Am.Jur., Executors and Administrators, § 940, supra, it is said:

"An executor or administrator usually is deemed to represent the beneficiaries entitled to the personal estate in all suits and actions in reference thereto to such an extent that it is unnecessary that they be joined as parties. So, in nearly all proceedings affecting the personal estate the personal representative is considered to be a necessary or indispensable party for the protection of the heirs and distributees."

The proceeding to compel payment to a legatee, which includes a widow who has dissented from her husband's will (§§ 335, 341, Tit. 61, Code 1940, supra), in advance of final settlement, is purely statutory. See §§ 335–341, Tit. 61, Code 1940, supra; Johnston v. Fort, 30 Ala. 78, 79. As already noted, the application was filed pursuant to these statutory provisions and there appears to be no question about their being fully complied with.

The decree appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.