Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.

180 So.2d 266

**Ed MITCHELL**

v.

**Willie Roy MITCHELL et al.**

**I Div. 306.**

Supreme Court of Alabama.

Nov. 18, 1965.

Adams & Gillmore, Grove Hill, for appellant.

Diamond & Lattof, Mobile, T. Watrous Garrett, Grove Hill, for appellees.

SIMPSON, Justice.

The facts in this case are not in dispute. Samuel D. Calhoun died testate on April 22, 1960; his last will and testament was admitted to probate in April, 1964. By the terms of his will he devised to his widow, Aileen Mitchell Calhoun, all of his personalty and a life estate in all of his realty. Subject to the life estate in his widow, his real property was devised to the respondents below, appellees here.

The widow died intestate in May of 1960. Under the provisions of Title 61, § 21, an administrator was appointed for the estate of the widow and he perfected dissent from the will on behalf of the widow or her estate.

Samuel D. Calhoun was survived only by his wife. He was not survived by any children or descendants of children, nor by either parent, nor by any brothers or sisters or descendants of brothers or sisters. His next of kin, other than his surviving spouse, were second cousins.

The next of kin of the widow were a brother, a sister and ten children of a deceased brother. Complainant, the appellant, is the surviving brother of Aileen Mitchell Calhoun. The respondents, appellees, are two of the ten children of the deceased brother, to whom the real property of Samuel D. Calhoun was devised.

No controversy exists with respect to the personalty.

It is the contention of appellant that the effect of the widow's dissent is to vest her with the fee simple title to all of the real property which was owned by her husband at the time of his death, and that upon her death this title descended to her next of kin, including appellant. Appellees, on the other hand, contend that the effect of the dissent was merely to vest the widow with a dower interest in the realty of her deceased husband; that such dower interest terminated at her death and that they are now vested with fee simple title under the will of Samuel D. Calhoun.

This issue was presented to the court below by bill for declaratory judgment. The court found for the respondents. Complainant appealed.

There is but one substantive question involved here, i. e., what is the effect of an election to take against the will by a widow when the husband's next of kin are so remote that the widow would take the entire estate in preference to them if the husband had died intestate? This calls for a construction of Title 61, § 18 and Title 16, § 1(1) through (8), which are as follows:

Title 61, § 18:

"The widow may, in all cases, dissent from the will of her deceased husband, and, in lieu of the provision made for her by such will, take her dower in the lands and such portion of the personal estate as she would have been entitled to in case of intestacy; * *."

Title 16, § 1(1) through (8):

"Descent of real estate.—The real estate of persons dying intestate, as to such estate descends, subject to the payment of debts, charges against the estate, and the widow's dower, as follows:

"(1) To the children of the intestate, or their descendants, in equal parts.

"(2) If there are no children or their descendants, then to the father and mother, in equal parts.

"(3) If there are no children or their descendants, and if there be but one surviving parent, then one-half to such surviving parent, and the other half to the brothers and sisters of the

intestate, or their descendants, in equal parts.

"(4) If there are no children or their descendants, no brothers or sisters or their descendants, and if there be but one surviving parent, then the whole to such surviving parent.

"(5) If there are no children or their descendants, and no father or mother, then to the brothers and sisters of the intestate, or their descendants, in equal parts.

"(6) If there are no children or their descendants, no father or mother, and no brothers or sisters or their descendants, then the whole to the husband or wife of the intestate.

"(7) If there are no children or their descendants, no father or mother, no brothers or sisters or their descendants, and no husband or wife, then to the next of kin to the intestate, in equal degree, in equal parts.

"(8) If there are no children or their descendants, no father or mother, no brothers or sisters or their descendants, no husband or wife, and no next of kin capable of inheriting, then it escheats to the state."

These statutes have been construed many times by this court, but our research has failed to produce any case where the dissenting widow would have taken the fee in her husband's realty under the provisions of Title 16, supra, had he died testate, as in the case before us, nor have we been referred to any in brief.

The appellant argues that the language of some of our cases dictates a holding that the widow takes the fee. We concede that this court has said that the effect of a widow's dissent from the will of her husband pursuant to § 18, Title 61, is "that she takes of his estate such property as she would have taken had he died intestate".—Stelzenmuller v. Carroll, 272 Ala. 13, 127 So.2d 842 (1961) being one of the later cases to so state.

In all cases heretofore decided that statement has been apposite, because in each case the deceased husband left surviving heirs who were preferred over the widow by virtue of Title 16, § 1 et seq., so that had the husband died intestate the wife would have taken only a dower interest in his lands. We do not think we are precluded from broadening this general statement in view of different facts such as are now before us.

As we understand the law, a dower interest (a life estate) in her husband's lands is reserved to the widow in this state in all cases. She cannot be deprived of this right whether her husband died intestate or testate (assuming in the latter event she elects to claim it by dissenting from his will). Stated differently, a widow can be required to take no less than a dower estate in her husband's lands under any circumstances. She can, of course, take more—if his will so provides— and, if he dies without a will, there are no surviving heirs who are preferred as to the dower interest of the wife under the statute of descent and distribution.—Title 16, § 1(1) through (8), supra. But we do not think she can enlarge the dower interest into a fee simple title by dissenting from his will although she might have taken a fee (Title 16, § 1 [6]) in the event he had died without one. The very event which calls Title 16, § 1 et seq. into operation, i. e. "dying intestate" had not occurred. Throughout, these sections refer to "the intestate". This interpretation is consistent with the language employed by the legislature in § 18, Title 61, to the effect that "[t]he widow may, in all cases, dissent from the will of her deceased husband, and, in lieu of the provision made for her by such will, *take her dower in the lands * * *.*" (Emphasis added.)

To adopt a different construction of Title 61, § 18, would be to give a widow more than the statute provided for her. To hold that she could dissent from her husband's will and take as if he had died intestate, in cases where he leaves no heirs

preferred over the widow, would defeat the will entirely, assuming he had devised his real estate to one other than the widow. Such could not have been the intention of the legislature and we think the language used in the statutes so indicates.

The decree appealed from is affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.