JONES, Justice.
On November 30, 1976, Lavada Barnette filed her petition to probate the will of Doyce Cresful Johnson, who died on November 25, 1976. The will, admitted to probate by order of the -Probate Court of Etowah County, Alabama, provides in pertinent part:

“Item III

“THIRD: It is my desire and will that the house and real property wherein my wife, Dolores Belle Johnson, and I reside, located at Southside, Alabama, be appraised and sold at the highest market value available, and the proceeds derived from said sale be used first to pay off the balance due on said property, and then the remainder to be divided equally between my beloved wife, Dolores Belle Johnson, and my daughters, Brenda Gail (Mrs. Billy Tom) Cox and Patricia Sue (Mrs. Richard Arden) Dorough, to have and to hold, absolutely share and share alike.”
On December 21, 1976, American National Bank filed its claim in the sum of $17,-435.99, plus interest at $3.99 per day thereafter, which was based on five unsecured promissory notes. On May 4, 1977, Dolores Johnson, the widow of Doyce Cresful Johnson, filed her dissent from the will. The estate was removed to the Circuit Court of Etowah County upon a petition filed by Dolores Johnson, and came on for hearing to determine the homestead and dower rights of Dolores Johnson before the Honorable Julius S. Swann.
At the conclusion of the evidence, the trial Court found that the widow was 44 years of age, in good health and had a separate estate of less than $2,000; furthermore, the trial Court found that the property in question was all the real property owned by the decedent at the time of his death and was less than 160 acres. The trial Court found that the balance of the estate consisted of personal property of a value of $6,440, and that the American National Bank held an undisputed claim of approximately $19,500, which constituted a lien on said real estate.
Based on these findings, the trial Court entered an order that, upon agreement by the widow to pay the debt of American National Bank by assumption, Dolores Johnson was entitled to all the rights to the real estate above American National Bank’s claim. The trial Court also ordered the personal property to be divided equally be *1084 tween the widow and decedent’s two daughters.[1] From this order, the daughters appeal. We reverse.
Code 1975, § 43-1-15, provides that a widow may dissent from the will of her deceased husband and makes provision for the widow in the event of dissent. Specifically, the pertinent portions of § 43-1-15 provide:
“The widow may in all cases dissent from the will of her deceased husband, and in lieu of the provision made for her by such will, take her dower in the lands and such portion of the personal estate as she would have been entitled to in case of intestacy . . (Emphasis added.)
Code 1975, § 43-5-1, defines dower as follows:
“Dower is an estate for the life of the widow in a certain portion of the following real estate of her husband, to which she has not relinquished her right during the marriage:
“(1) Of all lands of which the husband was seised in fee during the marriage.
“(2) Of all lands of which another was seised in fee to his use.
“(3) Of all lands to which, at the time of his death, he had a perfect equity, having paid all the purchase money therefor.”
Code 1975, § 43-5-2, established the quantity of dower when there are lineal descendents (as in this case) as being a life estate in a one-third part thereof. These two provisions taken together would give the widow in the present case a dower interest equal to a life estate in one-third of the land of her husband, and this would be reduced pursuant to Code 1975, § 43-5-3, by the value of the wife’s separate estate. § 43-5-3 provides:
“(a) If any woman having a separate estate survives her husband, and such separate estate, exclusive of the rents, incomes and profits, is equal to, or greater in value than, her dower interest and distributive share in her husband’s estate, estimating her dower interest in his lands at seven years rent of the dower interest, she shall not be entitled to dower in, or distribution of, her husband’s estate.
“(b) If her separate estate is less in value than her dower, as ascertained by the rule furnished by subsection (a) of this section, and her distributive share, so much must be allowed her as, with her separate estate, would be equal to her dower and distributive share in her husband’s estate if she had no separate estate.”
The net effect of this provision is a reduction in the wife’s dower interest by the value of her separate estate.
Section 43-1-15 (the right to dissent statute) also provides that the widow is entitled to such portion of the personal estate as in the case of intestacy. This is controlled by § 43-3-10, which provides for the distribution of the personal estate as follows:
“The personal estate of persons dying intestate as to such estate, after the payment of debts and charges against the estate, is to be distributed in the same manner as his real estate, and according to the same rules; except, that the widow, if there are no children, is entitled to all the personal estate, or, if but one child, she is entitled to one half; if more than one, and not more than four children, to a child’s part; and if more than four children, to one fifth.”
In addition to the rights of the widow upon her dissent from the will, our legislature has established certain exemptions from the administration and payment of debts in both the homestead and in a limited amount of personal property of the decedent. It is settled that these exemptions are available whether or not the widow dissents from the will. Johnson v. Johnson, 252 Ala. 366, 41 So.2d 287 (1949).
Code 1975, § 6-10-60, allows a homestead exemption in favor of the surviving spouse *1085 and determines the maximum area and value of said exemption. Specifically, § 6-10-60 provides:
“The homestead of any resident of this state leaving surviving him or her at his or her death a spouse and minor child or children, or either, with the improvements and appurtenances, not exceeding in- value $6,000.00 and in area 160 acres, shall be exempt from administration and the payment of debts in favor of such surviving spouse and minor children, or either, in any event, during the life of the surviving spouse or the minority of the child or children, whichever may last terminate; and the rents and profits of such homestead, if there is a surviving spouse and no minor child, shall inure to the benefit of such surviving spouse during his or her life, or, if there is a minor child or children and no surviving spouse, then to the benefit of such child or children, during minority, or, if there are both a surviving spouse and minor child, or children, then to their equal benefit during the life of the surviving spouse and the minority of the child or children. Except when the homestead is devised by will, it shall vest in the surviving spouse and the minor children for the life of the surviving spouse or the minority of the children, whichever may last terminate, without limit as to value if there are no debts, or if the remainder of the estate is sufficient to pay all debts and claims against the estate or if the remainder of the estate is insufficient to pay all claims against the estate and if the surviving spouse or minor children shall pay the remaining unsatisfied claims. In no case, however, shall the homestead exceed 160 acres in area.”
Code 1975, § 6-10-62, provides for vesting of fee title in the homestead upon certain contingencies. Section 6-10-62 states:
“When the homestead set apart to the surviving spouse and minor children, or either, constitutes all the real estate owned in this state by the decedent at the time of his or her death, whether there is administration on the estate or not and whether the estate is solvent or insolvent, the title to such homestead vests absolutely in the surviving spouse, the children (minors and adults) and the descendants of deceased children or, if there is no surviving spouse, in the children (minors and adults) and the descendants of deceased children and, if there are no children or descendants of deceased children, in the surviving spouse; provided, that when there are children and a surviving spouse, the homestead so vested shall not be sold for division during the life of the surviving spouse and the minority of the child, or children, without the consent of the surviving spouse and the legally appointed representative of the minor children; and provided further, that when the homestead is so vested and there are a surviving spouse and minor children, the surviving spouse and minor children shall be entitled to the exclusive possession of such property during their minority; and where there is a surviving spouse but no minor children, such surviving spouse shall be entitled to the exclusive possession of such property during his or her life. As against creditors of the decedent, the title to the homestead will be presumed to be absolute until it is judicially determined that it is not all of the real estate left by the decedent and that it is of greater value than $6,000.00, and the homestead secured thereby shall be held and governed as in section 6-10-60. (Code 1896, § 2071; Code 1907, § 4198; Code 1923, § 7920; Code 1940, T. 7, § 663; Acts 1953, No. 837, p. 1128, § 1.)”
Furthermore, § 6-10-64 provides that personal property in the amount of $2,000 in value is exempt in favor of the surviving spouse and minor children. Basically, the Code provisions set out above govern a widow’s right in her husband’s estate when she dissents from the will (i. e., her right to certain exemptions not dependent upon dissent plus her right to dower and the distributive share she would have received in the event of intestacy).
The trial Court in this case held specifically:
*1086 “(a) That as the widow of Doyce Cresful Johnson, deceased, Petitioner is entitled to have her homestead and dower rights determined and set aside.
“(b) That it appears to the court that there are not sufficient assets in the estate to liquidate the claim of American National Bank without the sale of the homestead.
“(c) That it [being] made known to the court by the attorney for the widow of Doyce Cresful Johnson, that she would agree to assume and pay any indebtedness due the American National Bank if the court determined that her interests in said real estate represented by homestead and dower rights would be set aside to her, the court finds that Dolores Belle Johnson is entitled to all of the remaining right, title and interest in said real estate after deducting the amount of the lien of American National Bank.”
Additionally, the trial Court held that the personal estate was to be divided equally between the wife of the decedent and the two daughters of the decedent.
It is apparent that the trial Court determined that the value of the widow’s dower interest plus the value of her homestead exemption plus the widow’s promise to assume the debt, which did in fact form a valid lien on the real estate, exceeded the value of the realty and therefore entitled the widow to a fee simple interest in the estate. We find no authority for such a holding from a reading of the above-quoted statutes nor from the case law interpreting these statutes. The issue in this case is to what extent is a dissenting widow entitled to share in her deceased husband’s estate under the facts as found by the trial Court.
Initially, as noted above, there are certain amounts and/or properties exempt from administration and the payment of debts. Because there are no minor children, the surviving spouse alone is entitled to the amount and/or property exemptions. Code 1975, § 6-10-64, entitles the surviving spouse to a $2,000 exemption out of the personal estate.[2] Furthermore, § 6-10-60 provides for an exemption of a homestead not exceeding in value $6,000 and in area 160 acres. Because the homestead in this case has been devised by will, that portion of § 6-10-60, allowing a homestead exceeding $6,000 in value in certain cases, has no operative effect.
In Mordecai v. Scott, 294 Ala. 626, 320 So.2d 642 (1975), the Court reviewed the “historically confused and confusing” law of homestead. In that case, it was held that a fee of unlimited value vests in the surviving spouse and children (both minor and adult) if 1) the homestead is all the real estate owned by the decedent within the State at the time of decedent’s death; 2) the homestead does not exceed 160 acres in area; 3) there are no debts owed by decedent’s estate; and 4) there has been no devise of the property. Mordecai is not authority for vesting a fee in the widow in this case, as the property had been devised and there were unpaid debts of the estate.
In Ganus v. Sullivan, 267 Ala. 16, 18, 99 So.2d 204, 206 (1957), the Court construed the legislative intent of § 6-10-60 as follows:
“We think the intent of the Legislature was to provide the widow and the minor children, if any, with a life estate in the homestead without limit as to value, in the absence of devise by will, so long as there are no debts, or they are paid, and so long as the area did not exceed 160 acres.”
In Locke v. Locke, 291 Ala. 344, 280 So.2d 773 (1973), the Court expressed the view that § 6-10-62 should be construed narrowly as it held that the decedent’s mineral rights to other lands constituted sufficient real estate owned by complainant’s husband at the time of his death so as to prevent vesting of fee simple title to the homestead although 1) the homestead was all the real estate owned by the decedent within the State at the time of his death; 2) the home *1087 stead did not exceed 160 acres in area; 3) there were no debts owed by decedent’s estate; and 4) there had been no devise of the property.
Concurring authority is found in Mitchell v. Mitchell, 278 Ala. 670, 180 So.2d 266 (1965), and in Tyner v. Martin, 290 Ala. 310, 276 So.2d 431 (1973), where the Court refused to grant a fee simple title in the widow because all of the elements of § 6-10-62 were not present. Therefore, we find that neither § 6-10-62 nor developed case law in Alabama is authority for vesting a fee simple title in the widow in this case.
Under Code 1975, § 6-10-99, Appellants in this case could clear the property of the homestead rights by paying to the personal representative the sum of $6,000. If Appellants do not clear the property of the homestead right, the widow can proceed under § 6-10-83 to set apart a homestead by metes and bounds as it is undisputed that the value exceeds $6,000. Under § 6-10-95, if the homestead, after being reduced to its lowest practical area, still exceeds $6,000 in value, and the remainder of the estate is insufficient to pay the debts, then the homeplaee can be sold and $6,000 paid to the surviving spouse (and any minor children).
Aside from the exemptions from administration and payment of debts allowed to a surviving spouse, the surviving spouse is entitled to dissent from her husband’s will and claim her dower and distributive share of the personalty.[3]
An initial inquiry is whether a widow can claim homestead and dower rights in the same parcel of property. Code 1975, § 43-5-52, provides:
“In all proceedings to set aside dower if a homestead has been allotted and set aside to the widow, or to the widow and minor children, the value of the homestead so set aside shall not be charged to the widow in determining her dower interest in other lands of the estate.” (Emphasis added.)
At first blush, it would appear that this language is conclusive of the legislative intent that homestead and dower, while cumulative, are not to be allotted out of the same parcel of land. Indeed, if we were addressing this issue for the first time, we would be constrained to so hold; but the case law of this State has developed otherwise, holding that the setting aside of dower, or its value, does not deprive the surviving spouse and minor children of their homestead exemption in the same parcel of land.
As early as 1867, Chisolm v. Chisolm’s Executors, 41 Ala. 327, in the context of a single parcel of property, laid down this rule:
“The benefits intended to be conferred upon the widow of a decedent, by the legislation (in question) are not limited to cases in which the widow may assert no claim to dower in the realty of the estate.”
The Chisolm rule has been reaffirmed in Jordan v. Strickland, 42 Ala. 315 (1868); and McCuan v. Turrentine, 48 Ala. 68 (1872). See, also, Johnston v. Davenport, 42 Ala. 317 (1868); and People’s Bank of Red Level v. Barrow & Wiggins, 208 Ala. 433, 94 So. 600 (1922). Alabama is cited as one of the states which allow both homestead and dower to be allotted in the same parcel of land in 28 C.J.S. Dower § 74.
While none of these cases makes explicit reference to § 43-5-52 (or its predecessor sections), we can only assume that implicit in their holdings is the interpretation that “in other lands of the estate” means lands other than that portion set apart as homestead and it does not mean the widow’s dower interest is limited to lands other than the parcel from which the homestead is carved. Likewise, if the widow elects the. money value of the homestead, she may at the same time claim her dower interest in all other lands, including the excess of the parcel from which “in lieu of homestead” is derived.
*1088 We hold, then, that the widow in the instant case, if she persists in her dissent from the will, is entitled to claim both her homestead exemption and her dower interest in the subject property. But under neither claim is she entitled to a fee interest in the property, even upon her assumption of the estate’s indebtedness to the bank. We will defer to a later part of the opinion further discussion of the details of the widow’s homestead and dower interests.
As to the personal estate, the trial Court divided the property equally “between” the widow and two surviving children. Code 1975, § 6-10-64, as noted above, allows the widow a $2,000 exemption out of the personal estate. Section 43-3-10 is clear that after the $2,000 exemption of debt allowed by § 6-10-64, the widow, taking by intestacy (or dissent) is allowed a portion of the personalty only after the payment of debts and charges against the estate. Here, undisputably, the estate is indebted in the amount of $19,500. The personalty is to be distributed by the terms of the will pursuant to the residuary clause which states that all other property (i. e., other than the homeplace and certain personal property items not here pertinent) shall be left to the Appellants — -the two daughters of the intestate. The general rule of law is that in the absence of express intent of the testator, where assets prove insufficient to pay the debts of the estate and the legacy, the loss falls first upon the residuary. Powell v. Labry, 210 Ala. 248, 97 So. 707 (1923).
Code 1975, § 43-2-370, provides:
“All the property of the decedent, except as otherwise provided, is charged with the payment of his debts, and, if necessary, may be sold for that purpose.”
Furthermore, our State Legislature provides that personalty may be sold in order to pay the debts of the estate and realty can be sold if the personal assets are insufficient to pay the estate’s indebtedness. Code 1975, § 43-2-410 and § 43-2-441.
In Banks v. Spears, 97 Ala. 560, 563, 11 So. 841, 842, the Court stated:
“It is certainly true that the lands of a decedent will not be ordered sold for payment of debts, when there are no debts of the estate to be paid. ... So, if there be sufficient personal assets to pay the debts, there can be no order for a sale of lands for their payment. Of course this principle does not apply, if there be a will giving authority to sell lands in preference to personal property for the payment of debts.” (Emphasis added.)
Here, the will specifically provides that the homeplace is to be sold and the proceeds are to be used first to pay off the balance due on said property. The indebtedness owed by the estate is not “on said property,” but is an indebtedness on unsecured promissory notes. Therefore, the will is not authority for applying the proceeds from the sale of realty first to the payment of debts.
Therefore, under the rule of Powell v. Labry, supra, and § 43-2 — 441, it is apparent that after the $2,000 exemption in favor of the widow the personal estate left to the two daughters by the residuary clause is to be applied to reducing the indebtedness owed American National Bank.
In conclusion, the widow is entitled to the following:
1) The $2,000 personalty exemption plus the $6,000 homestead exemption (or its value). If the devisees so elect, they are entitled to clear the homestead exemption by the payment of $6,000.
2) The widow is entitled to her dower interest. This is equal to a life estate in Vs of the property after the reduction of the property by the homestead exemption. Also, the dower interest is reduced by the value of the widow’s separate estate. If it is necessary to sell the property, the widow is protected by § 43-2 — 466, which provides the method for computing a monetary value of the dower interest based upon proof, having regard to the age and health of the widow, but in no event to exceed Vs of the purchase money (in this case, not to exceed Vs of the purchase money after the deduction for the homestead interest).
*1089 3) The widow is further protected by an exception to § 43-2-371 which provides the general scheme for abatement. In essence, the testamentary provisions made for the surviving widow are accorded priority over all other kinds of gifts in the will, and abate last. Rowe v. Newman, 290 Ala. 289, 276 So.2d 412 (1972).
4) Although the widow has the right to her distributive share of the personalty, in this case it is of no value because of the need to apply all the personalty toward the indebtedness of the estate.
Because of the errors herein noted, the judgment appealed from is reversed and this cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
BLOODWORTH, MADDOX, FAULKNER, ALMON, EMBRY and BEATTY, JJ., concur.
TORBERT, C. J., and SHORES, J., concur in the result.

. The use of the word “between” has been retained throughout this opinion because of its usage in the will of Doyce Cresful Johnson. The word “among” would more accurately convey the decedent’s intent.

. Additionally, § 6-10-63 provides an exemption for certain limited and specific personal property (i. e., books, clothing, etc.).

. We note Appellants failed to raise any issue as to the constitutionality of the statutory procedure for dissent which allows the widow the right to claim against the will with no corresponding right to a widower.